VINCENZO DiMAIO *vs.* MARIA PANICO ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 11th—decided July 5th, 1932.

*George E. Beers* and *Edward S. Snyder,* for the appellant (plaintiff).

*Harry M. French,* with whom, on the brief, was *Daniel L. O'Neill,* for the appellees (defendants).

MALTBIE, C. J. The plaintiff suffered injuries by reason of a collision between an automobile driven by him and one driven by one of the defendants at a street intersection. The defendants' car approached the intersection on the right of the plaintiff. Each party claimed the right of way, the defendants under the statute in effect at the time of the accident (General Statutes, § 1639) and the plaintiff upon the

ground that the vehicles were not approaching the intersection at approximately the same time but that he arrived at and entered it well ahead of the defendants. The plaintiff assigns as error the failure of the trial court to grant two requests to charge submitted to it. One of these did not comply with our rules; Practice Book, p. 275, insert; and the issue as to which party had the right of way, to which it seems to have been directed, was very fully presented to the jury in the charge as given. The other request sought to have the trial court charge the jury upon the issue of the defendants' liability under the last clear chance doctrine. Upon the claims of proof of both parties both cars continued in motion until the collision occurred and there was no reasonable basis for a conclusion by the jury that the car of the plaintiff had arrived in a position of peril from the defendants' automobile a sufficient length of time before the collision to bring into operation the elements in the latter's conduct which are necessary to the application of the doctrine. There was no occasion, therefore, to charge the jury as to the doctrine. *Rooney* v. *Levinson,* 95 Conn. 466, 469, 111 Atl. 794; *Correnti* v. *Catino,* 115 Conn. 213, 160 Atl. 892. The various excerpts from the charge which are assigned as error, when read in their proper context, afford the plaintiff no just ground of complaint.

The plaintiff also assigns as error the exclusion of a question asked of a witness apparently called for the first time in rebuttal. He was an eyewitness of the accident and the plaintiff, after calling attention to a statement in the testimony of one of the defendants as to the position of the cars after the accident, asked him to state what their position was. The question was excluded as not proper rebuttal but as being a part of the direct case of the plaintiff. The rule as

to rebuttal evidence is thus stated in *Hathaway* v. *Hemingway*, 20 Conn. 191, 195: "The rule upon this subject is a familiar one. When, by the pleadings, the burden of proving any matter in issue is thrown upon the plaintiff, he must, in the first instance, introduce all the evidence upon which he relies to establish his claim. He cannot, as said by Lord Ellenborough, go into half his case, and reserve the remainder. . . . The same rule applies to the defence. After the plaintiff has closed his testimony, the defendant must then bring forward all the evidence upon which he relies, to meet the claim on the part of the plaintiff. He cannot introduce a part, and reserve the residue for some future occasion. After he has rested, neither party can, as a matter of right, introduce any farther testimony which may properly be considered testimony in chief." Professor Wigmore states the rule as follows: "It is perfectly clear that the orderly presentation of each party's case would leave the proponent nothing to do, in his case in rebuttal, except to meet the new facts put in by the opponent in his case in reply. Everything relevant as a part of the case in chief would naturally have been already put in; and a rebuttal is necessary only because, on a plea in denial, new subordinate evidential facts have been offered, or because, on an affirmative plea, its substantive facts have been put forward, or because, on any issue whatever, facts discrediting the proponent's witnesses have been offered. To discriminate between the first of these classes and the opponent's testimony merely denying the same facts that the proponent's witnesses had originally affirmed, is no doubt often difficult, and it is then not easy to say whether the proponent's testimony in rebuttal might or might not as well have been put in originally; yet the principle involved is clear. Moreover, practical disadvantages

that would result from abandoning the natural order of evidence are, first, the possible unfairness to an opponent who has justly supposed that the case in chief was the entire case which he had to meet, and, secondly, the interminable confusion that would be created by an unending alternation of successive fragments of each case which could have been put in at once in the beginning." 4 Wigmore, Evidence (2d Ed.) § 1873. The finding indicates that the plaintiff in his case in chief had offered evidence as to the position of the cars after the accident, which had been followed by contradictory evidence on the part of the defendants. That being so, the trial court had a right to exclude the question objected to, though undoubtedly it might have admitted it in the exercise of a proper discretion. *Mahoney* v. *Hartford Investment Corporation,* 82 Conn. 280, 288, 73 Atl. 766.

There is no error.

In this opinion the other judges concurred.