STATE OF CONNECTICUT *v.* GILES S. WYANT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 4-11302

Argued May 16—decided May 31, 1967

*Michael J. Daly III,* of Waterbury, for the appellant (defendant).

*Donald N. Vitale,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. In a trial to the jury, the defendant was convicted of evading responsibility and of operating while his license was under suspension, in violation of §§ 14-224 and 14-215 of the General Statutes. His appeal assigns three errors in the admission of evidence.

The jury could reasonably have found from the evidence that on July 6, 1965, at about 9 p.m., an automobile operated by Anthony J. Paladino collided with another automobile containing the defendant, his wife and son at or near the intersection of Webb and Jones Roads in Naugatuck. The defendant had a conversation with Paladino at the scene of the accident, as a result of which Paladino waited two hours for the defendant, who failed to return. The state claims to have proved that the defendant was the operator of the motor vehicle, and the defendant claims to have proved that it was his son who was operating the automobile. Upon the completion of both the state's and the defendant's cases in chief, the state in rebuttal produced a witness, Karen King, a passenger in the Paladino car, who testified that the defendant was the operator.

The defendant objected to evidence given by Paladino, after he had identified the defendant as the operator, to the effect that on a visit to the defendant's home in the company of police officers he did not see the defendant, whose photograph he had previously identified at city hall, where he had been taken by a detective. The objection stated to the court was that the witness had previously "identified the driver of the car" and that the evidence was irrelevant. The main argument of the defendant in his brief is that the evidence of the defendant's photograph on file at city hall permitted connotations and implications of prior criminal activity and impeachment of the defendant's testimony. This argument was not made to the court at the time of the objection. "In the absence of a statement of the ground relied on before the trier, we do not usually consider the ruling. *McCarthy* v. *Maxon,* 134 Conn. 170, 173 . . . ; *Petrillo* v. *Kolbay,* 116 Conn. 389, 395 . . . ; Maltbie, Conn. App. Proc. [§ 308]. We do not pass upon a newly thought of reason for admitting or excluding evidence, since that reason was not before the court at the time of the ruling. *Voegeli* v. *Waterbury Yellow Cab Co.,* 111 Conn. 407, 410 . . . ." *LaVoie* v. *Marshall,* 141 Conn. 681, 687. Since the trier did not have the opportunity to rule on the newly advanced argument, we do not consider it. To the defendant's argument that the evidence was repetitious and therefore irrelevant, the answer is that the state had a right to demonstrate by evidence that was relevant that the witness knew the physical appearance of the defendant, whom he did not find on the visit to the defendant's home.

The second evidential error claimed by the defendant is in the testimony of Detective Payne, who testified that on a visit to the defendant's home

on July 6 he saw the defendant with a cut over his eye, and in reply to the officer's question about the injury the defendant replied that he had received it in a fight. The objection in the trial court was that the officer failed to advise the defendant of his rights before questioning him. On appeal, the defendant did not brief the objection raised in the trial court, and so we do not consider it. He now advances the argument in this court that the state was impeaching the defendant's testimony before it was offered. What we have stated with respect to the first assignment of error concerning the newly thought of reasons for objection is decisive of the second assignment of error, and we therefore do not consider it.

The final assignment of error has to do with the rebuttal evidence of Karen King to the effect that the defendant was the operator of the vehicle. His claim is that the state was presenting, by way of rebuttal, evidence which it should have presented in its case in chief. The rule on rebuttal evidence is stated as follows: " 'When, by the pleadings, the burden of proving any matter in issue is thrown upon the plaintiff, he must, in the first instance, introduce all the evidence upon which he relies to establish his claim. He cannot, as said by Lord Ellenborough, go into half his case, and reserve the remainder. . . . The same rule applies to the defence. After the plaintiff has closed his testimony, the defendant must then bring forward all the evidence upon which he relies, to meet the claim on the part of the plaintiff. He cannot introduce a part, and reserve the residue for some future occasion. After he has rested, neither party can, as a matter of right, introduce any farther testimony which may properly be considered testimony in chief.' Professor Wigmore states the rule as follows: 'It is perfectly clear that the orderly presen-

tation of each party's case would leave the proponent nothing to do, in his case in rebuttal, except to meet the new facts put in by the opponent in his case in reply. Everything relevant as a part of the case in chief would naturally have been already put in; and a rebuttal is necessary only because, on a plea in denial, new subordinate evidential facts have been offered, or because, on an affirmative plea, its substantive facts have been put forward, or because, on any issue whatever, facts discrediting the proponent's witnesses have been offered. To discriminate between the first of these classes and the opponent's testimony merely denying the same facts that the proponent's witnesses had originally affirmed, is no doubt often difficult, and it is then not easy to say whether the proponent's testimony in rebuttal might or might not as well have been put in originally; yet the principle involved is clear. Moreover, practical disadvantages that would result from abandoning the natural order of evidence are, first, the possible unfairness to an opponent who has justly supposed that the case in chief was the entire case which he had to meet, and, secondly, the interminable confusion that would be created by an unending alternation of successive fragments of each case which could have been put in at once in the beginning.' 4 Wigmore, Evidence (2d Ed.) § 1873." *DiMaio* v. *Panico,* 115 Conn. 295, 298.

The admission of evidence in rebuttal rather than the case in chief is within the discretion of the trial court. *State* v. *Buonomo,* 88 Conn. 177, 183; *Mahoney* v. *Hartford Investment Corporation,* 82 Conn. 280, 288; *State* v. *Boylan,* 79 Conn. 463, 469; *Hoadley* v. *Savings Bank of Danbury,* 71 Conn. 599; Holden & Daly, Conn. Evidence § 11. Both the defendant and his son testified that the son was the operator of the automobile. Since this testimony discredited the state's witnesses, the state could

present evidence in rebuttal within the rule of *DiMaio* v. *Panico,* supra. The court did not abuse its discretion in admitting the rebuttal evidence.

There is no error.

In this opinion PRUYN, J., concurred; JACOBS, J., concurred in the result.