BASMA SHAHAM *v.* JOHN CAPPARELLI ET AL.
(14165)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued April 25—decision released June 4, 1991

*Neil W. Sutton,* for the appellant (plaintiff).

*Raymond J. Plouffe, Jr.,* for the appellees (defendants).

PER CURIAM. In this personal injury action, we granted the plaintiff's petition for certification in order to consider whether the Appellate Court correctly sustained a ruling of the trial court precluding the plaintiff from offering certain rebuttal evidence.[1] *Shaham*

[1] The certified issues were: "1. Did the Appellate Court properly determine that the evidence offered in rebuttal was properly excluded by the trial court? 2. If not, did the ruling of the trial court constitute grounds for reversal?" *Shaham* v. *Capparelli,* 217 Conn. 801, 583 A.2d 132 (1990).

v. *Capparelli,* 23 Conn. App. 468, 470–73, 581 A.2d 1065 (1990). The Appellate Court, considering this issue among others, affirmed the judgment of the trial court that the plaintiff, Basma Shaham, was not entitled to set aside or to have an additur to enhance a jury verdict that had awarded her $11,300 in damages for injuries allegedly sustained as a result of a fall on premises owned by the defendants, John Capparelli and Robert Mendola.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we conclude that the appeal in this case should be dismissed on the ground that certification was improvidently granted. As the Appellate Court correctly noted, the admission of rebuttal evidence ordinarily rests within the sound discretion of the trial court. *State* v. *Lisella,* 187 Conn. 335, 337, 445 A.2d 922 (1982); *Toffolon* v. *Avon,* 173 Conn. 525, 537, 378 A.2d 580 (1977); *DiMaio* v. *Panico,* 115 Conn. 295, 298–99, 161 A. 238 (1932); 1 B. Holden & J. Daly, Connecticut Evidence (1988) § 11, pp. 64–66; C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 3.3.2, pp. 41–42. The issue on appeal is not whether any one of us, sitting as the trial court, would have permitted the disputed evidence to be introduced. The question is rather whether the trial court, in the absence of any claim of inadvertence, mistake or surprise, in a case in which the plaintiff had withdrawn any claim for loss of earnings, abused its discretion in not allowing rebuttal testimony to corroborate the plaintiff's version of the origins of a federal income tax statement nominally attributing certain contested earnings to the plaintiff.[2]

---

[2] "At trial, the plaintiff was questioned about her 1987 federal income tax return and a 1988 W-2 form from an alleged employer, the American Steak House. She explained on three occasions during the trial that it was her children who had worked at the steak house, and that the tax documents were prepared in her name so she could gain control over her children's income. After both parties rested, the plaintiff called the owner of

Because the present proceeding does not afford us an opportunity to reexamine the standards governing the order of the presentation of evidence at trial, our grant of certification was improvident. See *Lawler* v. *Lawler,* 212 Conn. 117, 561 A.2d 128 (1989).

The appeal is dismissed.

SHEA, J., with whom COVELLO, J., joins, dissenting. I disagree with the dismissal of this appeal on the ground that certification was improperly granted. The majority relies upon the principle that "the admission of rebuttal evidence ordinarily rests within the sound discretion of the court." Under the circumstances of this case, that familiar bromide cannot be relied upon to excuse the failure to admit rebuttal testimony that would have gone far to rehabilitate the plaintiff's credibility concerning the consequences of her injury, which lay in shambles at the conclusion of her testimony after she was called as a witness during the presentation of the defendant's case.

In January, 1983, the plaintiff fell on ice inside the defendants' premises and injured herself. During her case-in-chief, the plaintiff testified about the facts surrounding her fall and also about her injuries and the consequences thereof, including her pain and suffering, the effect of the injuries on her daily activities, and her reduced ability to engage in them. She was vigorously cross-examined about these matters.

During the presentation of the case for the defendants, the plaintiff was called as their witness. She was asked whether she had ever worked for American Steak

the American Steak House as a rebuttal witness. The plaintiff sought to show through the owner's testimony that she never had worked at his restaurant. The court disallowed this testimony, ruling that it was not proper rebuttal, and that it was cumulative." *Shaham* v. *Capparelli,* 23 Conn. App. 468, 470, 581 A.2d 1065 (1990).

House, a restaurant. She testified that she had not. She was then confronted with a 1988 W-2 form of American Steak House, which indicated that she had worked for that employer and had earned $21,700 in 1988. The plaintiff explained that, although the form bore her name, it actually reflected the earnings of her two children at the restaurant, which had been put in her name so that she could control it for them. In the face of this extraordinary explanation, defense counsel repeated his question concerning whether the plaintiff had worked for the restaurant in 1988. The plaintiff again replied that she had not. After this testimony, the defense rested its case.

The plaintiff then called as a rebuttal witness the owner of American Steak House. The defendants objected to such rebuttal testimony. The plaintiff indicated that this witness would testify, contrary to the W-2 form, that she had not worked at the restaurant. The trial court sustained the objection, ruling that the rebuttal witness would merely corroborate the plaintiff's denial of her employment at the restaurant and that such testimony was, therefore, cumulative. The Appellate Court, in sustaining this ruling, took a similar view and the majority opinion reaches the same conclusion in holding that certification was improvidently granted.

The policy behind restrictions on the presentation of rebuttal testimony is that a plaintiff is not entitled to a second opportunity to present evidence that should reasonably have been included in his case-in-chief. 6 J. Wigmore, Evidence (4th Ed.) § 1873. Thus, on rebuttal, a plaintiff "is confined to testimony which is directed to refuting the evidence of the defendant, unless the court in its discretion permits him to depart from the regular order of proof." C. McCormick, Evidence (3d Ed.) § 4. Apart from the general principle of trial court discretion to allow deviations, "the usual

rule will exclude *all evidence which has not been made necessary by the opponent's case in reply."* (Emphasis in original.) 6 J. Wigmore, supra, § 1873, p. 672.

"For matters *properly not evidential until the rebuttal,* the proponent has a *right* to put them in at that time, and they are therefore not subject to the discretionary exclusion of the trial court. Matters that should have been put in at first may by that discretion be refused later, because this is but the denial of a second opportunity. But matters of true rebuttal could not have been put in before, and to exclude them now would be to deny them their sole opportunity for admission. Hence, while the trial court's determination of what is properly rebutting evidence should be respected, yet, if its nature as such is clear, the proponent does not need the trial court's express consent to admit it as involving a departure from the customary rule." (Emphasis in original.) 6 J. Wigmore, supra, § 1873, p. 678.

The rebuttal evidence excluded by the trial court in this case, falls into Professor Wigmore's category of "true rebuttal" that a plaintiff has a *right* to present, because there had been no prior opportunity to present it. She made no claim for lost earnings at trial. Until she was called to testify as part of the defendants' case and was confronted with the W-2 form, which belied her denial of having worked at the American Steak House restaurant as well as her testimony about the effects of her injury, she had no reason to anticipate any need to introduce testimony of another witness that she had never worked there. The sole purpose of such evidence was to confirm her own testimony and thus restore her credibility. Indeed, this evidence would have been irrelevant during her case-in-chief and was not properly admissible before rebuttal.

Our decisions have recognized that rehabilitation of the credibility of a witness who has been subject to impeachment is an appropriate purpose for rebuttal testimony. *Smirnoff* v. *McNerney*, 112 Conn. 421, 423, 152 A. 399 (1930); *Smith* v. *Hall*, 69 Conn. 651, 665, 38 A. 386 (1897). In *DiMaio* v. *Panico*, 115 Conn. 295, 298, 161 A. 238 (1932), we adopted Professor Wigmore's view that rebuttal evidence is admissible when, "on any issue whatever, facts discrediting the proponent's witnesses have been offered." See 6 J. Wigmore, supra, § 1873, p. 672.

In accordance with these principles, I conclude that the trial court erroneously excluded the rebuttal testimony offered by the plaintiff. This evidence could not reasonably be viewed as "cumulative" simply because it supported the testimony during the defendants' case that was used to impeach her credibility. Rebuttal evidence offered to rehabilitate a witness by its nature is inevitably cumulative in that sense. Particularly in this case, when the impact of the exclusion was to make it impossible for the plaintiff to buttress the unusual explanation she gave to the jury for the impeaching W-2 form or to vindicate her denial of its import, this rebuttal testimony should have been admitted. Without it there is a great likelihood that the plaintiff's explanation appeared so unworthy of belief to the jurors that her credibility with respect to her injury and its consequences was substantially undermined. I would reverse the judgment of the Appellate Court affirming this ruling.

Accordingly, I dissent.