AUDRA SUNG ET AL. *v.* RUSSELL BUTTERWORTH ET AL.
(12102)

O'CONNELL, LANDAU and FREEDMAN, Js.

Argued March 31—decision released July 19, 1994

*Nicholas P. Cardwell,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom, on the brief, was *Denise Rodosevich,* for the appellee (defendant Robert E. Edkin).

O'CONNELL, J. This is a medical malpractice action in which the named plaintiff[1] appeals from the denial

[1] The named plaintiff, Audra Sung, is the sole remaining plaintiff in this action. The plaintiff's father, in his individual capacity, was an original plaintiff but withdrew during trial. We refer in this opinion to Sung as the plaintiff.

of her motion to set aside the jury verdict in favor of the defendant Robert Edkin.[2] The plaintiff claims that the trial court (1) improperly refused to allow an expert in orthopedic surgery to render an opinion, (2) improperly refused to allow the plaintiff to lay a foundation with the expert, which would have provided a basis for the introduction of evidence regarding medical expenses, and (3) improperly refused to allow the plaintiff to lay a foundation with the expert, which would have provided a basis for the introduction of evidence regarding loss of an academic opportunity. In addition, the plaintiff claims that (4) the jury verdict was contrary to the weight of the evidence. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On January 8, 1985, the plaintiff, who was ten years old at the time, injured her left elbow in a gymnastic maneuver at Tootin' Hills School in Simsbury.[3] She was treated by Anthony J. Spinella, an orthopedic surgeon, who attempted a closed reduction. When this proved unsuccessful, Spinella recommended other options to the plaintiff's parents. None of these was acceptable and the plaintiff was transferred to the care of the defendant, also an orthopedic surgeon, who performed a second closed reduction. In time, the plaintiff developed a median nerve involvement causing numbness in her left arm and fingers. In addition to Spinella and the defendant, the plaintiff was examined or treated by nine other physicians.[4] None of them

---

[2] Robert Edkin is the sole remaining defendant in this action. Prior to trial, the plaintiff settled and thereafter withdrew all her claims against the named defendant as well as one other defendant. We refer in this opinion to Edkin as the defendant.

[3] The principal and a teacher of Tootin' Hills School were the other original defendants in this action. As noted in footnote 2, the plaintiff's claims against the principal and teacher were settled and withdrawn prior to trial.

[4] Orthopedic surgeons Gerald Becker, A.F. Serbin, Jeffrey Lovallo, and Steven Bond, neurologist Keshav Rayo, neurosurgeons Arthur Amacher, and Alan Hudson, pediatrician Richard Bason, and plastic surgeon Gary Russolillo.

offered evidence at trial of deviation from the standard of care for an injury of this sort.

At trial, the plaintiff was prevented from using Spinella as an expert witness. The plaintiff was also prevented from introducing evidence concerning medical expenses associated with nerve transplant surgery, scarring, future medical expenses and a lost opportunity to attend the United States Coast Guard Academy.

The first two claims implicate Practice Book § 220 (D), which mandates that within sixty days of the date a case is claimed for the trial list, the plaintiff must disclose (1) the name of any expert the plaintiff intends to call, (2) the subject matter of the expert's expected testimony, (3) the substance of the facts and opinions to which the expert is expected to testify, and (4) a summary of the grounds of each opinion.[5]

In compliance with § 220 (D) the plaintiff disclosed to the defendant the names and required information concerning several experts whom she expected to call. Spinella's name was not disclosed as such an expert and consequently, § 220 (D) information was not supplied concerning the expert testimony he might provide.

Although Spinella was not disclosed as a potential expert witness, the plaintiff had disclosed that she intended to call Spinella to testify concerning his treatment of the plaintiff and also concerning an opinion that he had previously expressed in a deposition. In a separate action, the plaintiff had sued Spinella for malpractice arising out of the same facts that gave rise to the present case. The plaintiff took Spinella's depo-

---

[5] Practice Book § 220 (D) provides in pertinent part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. . . ."

sition in the case against him and sought to use that deposition in the present case.[6] In his deposition, Spinella had testified as to both the standard of care applicable to the plaintiff's treatment and the care and treatment rendered by the defendant to the plaintiff. The plaintiff contends that she was entitled to examine Spinella concerning the expert opinion that he expressed in this deposition regardless of her failure to disclose Spinella pursuant to § 220 (D).

The trial court did not agree and ruled that Spinella could testify concerning only his own care and treatment of the plaintiff. The plaintiff argues that the trial court failed to recognize a distinction between disclosing a physician as an expert and disclosing a treating physician who would provide expert opinion as well as factual evidence. We are asked to create a new hybrid factual expert category of witness who could give expert testimony restricted to those matters about which the witness gave factual testimony. This quasi-expert witness, however, could not be asked the typical expert hypothetical question. The plaintiffs sole authority for this proposition is *Mason* v. *Robinson,* 340 N.W.2d 236, 242 (Iowa 1983), which we do not find persuasive.

"We have previously held and continue to hold that the disclosure requirements of Practice Book § 220 (D) apply with equal force to treating physicians as well as to independent experts." *Gemme* v. *Goldberg,* 31 Conn. App. 527, 535, 626 A.2d 318 (1993); *Bank of Boston Connecticut* v. *Ciarleglio,* 26 Conn. App. 503, 509, 604 A.2d 539, cert. denied, 221 Conn. 922, 608 A.2d 685 (1992). Moreover, it is irrelevant that the plaintiff had provided a copy of Spinella's deposition to the

---

[6] The case against Spinella had been withdrawn prior to the trial of the present case.

defendant prior to trial. In *Caccavale* v. *Hospital of St. Raphael,* 14 Conn. App. 504, 506–508, 541 A.2d 893, cert. denied, 208 Conn. 812, 544 A.2d 1107 (1988), we held that merely supplying opposing counsel with an expert's report does not constitute proper compliance with § 220 (D).

We note the emphatic tone of the final sentence of § 220 (D) which reads in relevant part that if there has not been a compliance with this section *"such expert shall not testify except in the discretion of the court for good cause shown."* (Emphasis added.) In the present case there was not compliance with § 220 (D). Moreover, there is no claim that the trial court was asked to find good cause to except Spinella's testimony from the rule. Absent a good cause assessment by the trial court, we are unable to rule whether the trial court abused its discretion. *Roberto* v. *Honeywell, Inc.,* 33 Conn. App. 619, 626, 637 A.2d 405 (1994) (discussing good cause assessment under § 220 (D) where party failed to disclose rebuttal expert witness).

We conclude that the trial court, in ruling that the plaintiff failed to comply with § 220 (D), properly refused to allow Spinella to give an expert opinion on the standard of care as well as an expert opinion regarding the defendant's treatment of the plaintiff.[7]

The second issue is also dependent on whether the trial court properly excluded Spinella's expert testimony. For the reasons set forth previously, we affirm the trial court's decision on the plaintiff's second claim. Because the jury returned a verdict in favor of the defendant, we do not reach the plaintiff's third claim which raised an issue of damages. Finally, in view of

---

[7] The defendant argues that Spinella in fact gave expert testimony on the standard of care in violation of the trial court's ruling. In view of our disposition of this appeal we need not analyze this argument.

our disposition of the first and second issues, the evidence properly supported a defendant's verdict.

The judgment is affirmed.

In this opinion the other judges concurred.