[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this personal injury action, the plaintiff, Connie Pirri, filed her disclosure of expert witnesses, to which the defendant, Stanley Works Co., objected on the ground that the disclosure fails to comply with Practice Book § 220. The defendant filed a motion for sanctions pursuant to Practice Book §§ 220, 231 and 232, asking for an order precluding testimony from the doctors disclosed by the plaintiff, or an order requiring the plaintiff to file a supplemental disclosure complying with Practice Book § 220. The plaintiff filed a reply to the defendant's objection to disclosure of expert witnesses and an objection to motion for sanctions arguing that the plaintiff has complied with discovery by providing medical reports.
Practice Book § 220(D) provides in pertinent part that "any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is to testify, the substance of the facts or opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. . . ."
The defendant argues that the substance of the plaintiff's disclosure is the names of the doctors and the medical reports provided, and that it fails to comply with Practice Book § 220. The plaintiff argues that the medical reports are sufficient to demonstrate the opinions of the doctors in regard to the treatment, diagnosis and prognosis of the plaintiff.
The Appellate Court has determined that merely providing copies of expert's reports is insufficient to comply with Practice Book § 220(D). Sung v. Butterworth, 35 Conn. App. 154,159, 644 A.2d 395 (1994); see also Caccavale v. Hospital ofCT Page 1508St. Raphael, 14 Conn. App. 504, 506-08, 541 A.2d 893, cert. denied, 208 Conn. 812, 545 A.2d 1107 (1988).
Therefore, the plaintiff's responses to interrogatories and disclosure of expert witnesses are insufficient to comply with Practice Book § 220(D). Accordingly, the defendant's objection to plaintiff's disclosure of expert witnesses is sustained and the plaintiff is ordered to file a supplemental disclosure in compliance with Practice Book § 220(D).