### AUDRA SUNG ET AL. *v.* RUSSELL BUTTERWORTH ET AL.
### (15156)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued September 26—decision released October 17, 1995

*Nicholas P. Cardwell*, for the appellant (named plaintiff).

*Andrew J. O'Keefe,* with whom was *Maureen Sullivan Dinnan,* for the appellee (defendant Robert E. Edkin).

PER CURIAM. The sole certified issue in this medical malpractice case is the propriety of the Appellate Court's inquiry into the sufficiency, under Practice Book § 220 (D),[1] of the plaintiff's notice to the defendant concerning a potential witness who testified on her behalf. The plaintiff, Audra Sung,[2] appealed to the Appellate Court from the trial court's denial of her motion to set aside a jury verdict that had found the defendant, Robert E. Edkin,[3] an orthopedic surgeon, not liable for malpractice in the manner in which he had treated an injury to her left elbow. In her appeal, the plaintiff challenged limitations allegedly imposed by the trial court upon her ability to examine Anthony J. Spinella, who was her treating physician, and whom she sought to question as an expert witness. The Appellate Court affirmed the judgment against the plaintiff; *Sung* v. *Butterworth,* 35 Conn. App. 154, 160, 644 A.2d 395 (1994); on the ground that, although the plaintiff had given notice to the defendant that she might call Spinella as her treating physician, the plaintiff had not

---

[1] Practice Book § 220 provides in relevant part: "[Scope of Discovery]——Experts . . . .

"(D) . . [A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. Each defendant shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after that date, such expert shall not testify except in the discretion of the court for good cause shown."

[2] Audra Sung is the sole remaining plaintiff, although others were originally joined. References to the plaintiff are to Audra Sung.

[3] Robert E. Edkin is the sole remaining defendant, although others were originally joined. References to the defendant are to Edkin.

disclosed to the defendant that she might rely upon Spinella as a potential expert witness. Id., 158–59. We granted the plaintiff's petition for certification to review whether the Appellate Court properly had framed the issue before it.[4]

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. We are persuaded that the present record does not present us an opportunity to review, in plenary fashion, the underlying issue that the plaintiff seeks to have us consider. See *Packtor* v. *Seppala & AHO Construction Co.*, 231 Conn. 367, 650 A.2d 534 (1994); *L. & L. Builders, Inc.* v. *Parmelee*, 221 Conn. 203, 602 A.2d 1016 (1992); *Booth* v. *Flanagan*, 220 Conn. 453, 599 A.2d 380 (1991); *Shaham* v. *Capparelli*, 219 Conn. 133, 591 A.2d 1269 (1991); *Lawler* v. *Lawler*, 212 Conn. 117, 561 A.2d 128 (1989).

The appeal is dismissed.

---

[4] We granted the plaintiff's petition for certification limited to the following issue: "Whether the issue was incorrectly framed by the Appellate Court as the failure of the plaintiff to furnish the required notice pursuant to Practice Book § 220 (D) when the issue was whether, under the circumstances of this case, a treating physician can be compelled to furnish expert testimony on the standard of care?" *Sung* v. *Butterworth*, 231 Conn. 940, 653 A.2d 825 (1994).