## STACIA ROBERTO *v.* HONEYWELL, INC., ET AL.
## (14870)

Dupont, C. J., and Landau and Hennessy, Js.

Submitted on briefs June 7—officially released September 17, 1996

*William R. Moller* filed a brief for the appellant (plaintiff).

*Andrew J. O'Keefe* and *Maureen Sullivan Dinan* filed a brief for the appellees (defendants).

HENNESSY, J. This negligence action arises from an automobile collision in October, 1988. The matter was first tried to a jury in 1992 and resulted in a verdict for the defendants. The plaintiff appealed from the judgment, and we reversed the trial court and remanded the case for a new trial. *Roberto* v. *Honeywell, Inc.*, 33 Conn. App. 619, 637 A.2d 405, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994). After a new trial, the jury returned a verdict for the defendants, and the trial court denied the plaintiff's motions to set aside and for judgment notwithstanding the verdict. This appeal ensued. On appeal, the plaintiff claims that the trial court improperly (1) limited the plaintiff's cross-examination of the defendant Shannon Garrett regarding motive, (2) admitted testimony on Garrett's prior consistent statements, (3) permitted the defendants' expert to testify, (4) admitted testimony on the plaintiff's alleged admission by silence and (5) limited the plaintiff's expert testimony in rebuttal.

The jury could reasonably have found that on October 7, 1988, the plaintiff, Stacia Roberto, was driving an automobile with Garrett as her passenger when the vehicle slid off the road and struck a fence and a tree.

On August 15, 1990, the plaintiff brought a negligence action to recover damages for the injuries she sustained in the collision. Her complaint alleged that Garrett was the driver of the car and that Garrett's negligent operation of the vehicle caused the plaintiff's injuries. In an amended answer, Garrett denied that she was operating the car at the time of the collision. During the new trial on remand, the parties presented testimony and expert evidence regarding who was driving the automobile. The jury returned a verdict for the defendants, and the

trial court denied the plaintiff's motion to set aside the verdict.[1]

In this appeal, the plaintiff claims that the trial court improperly made rulings in abuse of its discretion. We are unable to review the plaintiff's first two claims, however, because she has failed to comply with Practice Book § 4065 (d) (3).[2] On these claims, her brief does not set forth the specific evidence that was excluded or admitted, the objections, the grounds for the objections, the claimed grounds of admissibility, or the evidentiary rulings by the court that allow for a review of these claims. "When raising evidentiary issues on appeal, all briefs should identify clearly what evidence was excluded or admitted, where the trial counsel objected and preserved his rights and why there was error." *Aspiazu* v. *Orgera*, 205 Conn. 623, 636–37 n.5, 535 A.2d 338 (1987). The mere assertion in a brief that evidence was improperly excluded, coupled with transcript page references, will not be sufficient. *State* v. *Bagley*, 35 Conn. App. 138, 145, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994); *State* v. *Russell*, 29 Conn. App. 59, 63, 612 A.2d 809, cert. denied, 224 Conn. 908, 615 A.2d 1049 (1992). For evidentiary rulings claimed to be improper to be reviewed by this court, they must be set forth in the briefs as required and outlined by the rules of practice. *State* v. *Russell*, supra, 63; *State* v. *Siller*, 12 Conn. App. 395, 402, 530 A.2d 1106, cert. denied, 205 Conn. 811, 532 A.2d 586 (1987).

The plaintiff next contends that the trial court abused its discretion by allowing the defendants' expert wit-

[1] In both the original trial and the trial on remand, the jury stated in special interrogatories that the plaintiff was the driver of the car.

[2] Practice Book § 4065 (d) (3) provides in pertinent part: "When error is claimed in any other ruling in a court or jury case, the brief or appendix shall include, where appropriate . . . the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception. . . ."

ness, Edward McDonough, to render opinions new and different from those that the defendants had disclosed pursuant to Practice Book § 220 (D)[3] and those to which McDonough had testified in the previous trial. The plaintiff claims that the court improperly allowed McDonough to offer his opinions concerning whether the plaintiff's ankle injury would have prevented her from moving from the driver's side of the car to the passenger side after the accident and whether the plaintiff received her head injury as a result of hitting the steering wheel. The gravamen of the plaintiff's complaint is that she did not have sufficient notice of these opinions to be able to address them at trial.

The defendants' initial disclosure of expert witnesses disclosed McDonough as an expert witness. Before the second trial, on January 5, 1995, the defendants filed a supplemental disclosure of expert witnesses that addressed the proposed testimony of McDonough in the second trial. See Practice Book § 232. The disclosure states that McDonough's prior deposition testimony, an accident reconstruction report, which had been disclosed to the plaintiff, and exemplars of a female and a vehicle, would serve as the premises for McDonough's opinion testimony at trial. McDonough's opinion remained that the plaintiff had been driving

[3] Practice Book § 220 (D) at the time of trial in this case provided: "In addition to and notwithstanding the provisions of subsections (A), (B) and (C) of this section, any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. Each defendant shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after that date, such expert shall not testify except in the discretion of the court for good cause shown."

the vehicle. The trial court found that the disclosure addressed the testimony that McDonough would give at trial and that the plaintiff had ample opportunity to further depose McDonough concerning these matters.[4] "[A] trial court enjoys broad discretion in deciding whether to exclude evidence based on failure to comply with a discovery request." *Berry* v. *Loiseau*, 223 Conn. 786, 802, 614 A.2d 414 (1992). In view of these findings, we cannot conclude that the trial court abused its discretion.

We next address the plaintiff's claim that the trial court improperly admitted testimony of the plaintiff's alleged admission by silence. A witness testified that the plaintiff never denied that she was driving in response to statements made in her presence. The plaintiff argues that the defendants failed to lay a proper foundation for the introduction of the witness' testimony and that the trial court, therefore, abused its discretion in admitting the hearsay statement.

In Connecticut, to admit as an admission evidence of the failure of a person to contradict or to reply to the statement of another person made in her presence and hearing, it is essential to establish that the person comprehended the statements made, that the person had the opportunity to speak, that the circumstances naturally called for a reply from that person and that the person remained silent. *Obermeier* v. *Nielsen*, 158 Conn. 8, 12, 255 A.2d 819 (1969); see also *State* v. *Dan-*

---

[4] While this court has held that the mere disclosure of an expert witness' report or deposition testimony is not sufficient to disclose an expert in the first instance; *Sung* v. *Butterworth*, 35 Conn. App. 154, 158–59, 644 A.2d 395 (1994), appeal dismissed, 235 Conn. 400, 665 A.2d 893 (1995) (certification improvidently granted); this case does not involve the initial disclosure of an expert witness. This case concerns a supplemental disclosure of an expert already disclosed. This distinction arises from the text of Practice Book § 220 (D), which specifically states that if a party fails to disclose the *name* of an expert witness, the court may in its discretion preclude the expert's testimony.

*iels*, 18 Conn. App. 134, 138, 556 A.2d 1040 (1989). Our Supreme Court has held in numerous cases that, where the facts contained in testimony admitted into evidence by an improper ruling are established by other evidence, the ruling will not be set aside unless the trial court abused its discretion. *Ellice* v. *INA Life Ins. Co. of New York*, 208 Conn. 218, 222, 544 A.2d 623 (1988); *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 21, 118 A.2d 798 (1955). The ultimate question in such a situation is whether the improper ruling of the court would have been likely to affect the result. *Guerrieri* v. *Merrrick*, 145 Conn. 432, 435, 143 A.2d 644 (1958).

In this case, we decline to set aside the trial court's ruling to admit the testimony regarding the plaintiff's alleged admission by silence because the ruling, even if improper, would not have likely affected the result of the trial. The defendants established through other testimony that the plaintiff affirmatively stated that she was the driver. The court admitted the testimony as a statement against interest by the party opponent and the plaintiff did not object to its admissibility. We, therefore, conclude that even if the trial court improperly admitted testimony of the plaintiff's admission by silence, the plaintiff has failed to demonstrate a clear abuse of discretion on the part of the trial court.

The plaintiff's final claim asserts that the trial court improperly limited the plaintiff's expert's testimony in rebuttal. During the presentation of its case, the defendants' expert, McDonough, explained his theory of who was driving the vehicle based on the injuries. In rebuttal, the plaintiff sought to offer expert testimony from Steven Batterman concerning who was driving the vehicle and how the collision occurred in order to show the inconsistencies between Batterman's theory and McDonough's. The trial court allowed Batterman to testify that in his opinion the collision did not occur as McDonough had opined, but did not allow Batterman to testify

concerning his theory of how the collision occurred. The plaintiff contends that the trial court abused its discretion by refusing to allow Batterman to testify on rebuttal as to his theory of how the collision occurred.

"The admission of rebuttal evidence lies within the sound discretion of the trial court. *Shaham* v. *Capparelli*, 219 Conn. 133, 134, 591 A.2d 1269 (1991)." *Pie Plate, Inc.* v. *Texaco, Inc.*, 35 Conn. App. 305, 310, 645 A.2d 1044, cert. denied, 231 Conn. 935, 650 A.2d 172 (1994). "The rule as to rebuttal evidence is thus stated in *Hathaway* v. *Hemingway*, 20 Conn. 191, 195 [1850]: 'The rule upon this subject is a familiar one. When, by the pleadings, the burden of proving any matter in issue is thrown upon the plaintiff, he must, in the first instance, introduce all the evidence upon which he relies to establish his claim. He cannot, as said by Lord Ellenborough, go into half his case, and reserve the remainder. . . . The same rule applies to the defence. After the plaintiff has closed his testimony, the defendant must then bring forward all the evidence upon which he relies, to meet the claim on the part of the plaintiff. He cannot introduce a part, and reserve the residue for some future occasion. After he has rested, neither party can, as a matter of right, introduce any farther testimony which may properly be considered testimony in chief.' Professor Wigmore states the rule as follows: 'It is perfectly clear that the orderly presentation of each party's case would leave the proponent nothing to do, in his case in rebuttal, except to meet the new facts put in by the opponent in his case in reply. Everything relevant as a part of the case in chief would naturally have been already put in; and a rebuttal is necessary only because, on a plea in denial, new subordinate evidential facts have been offered, or because, on an affirmative plea, its substantive facts have been put forward, or because, on any issue whatever, facts discrediting the proponent's witnesses have been offered. To discriminate

between the first of these classes and the opponent's testimony merely denying the same facts that the proponent's witnesses had originally affirmed, is no doubt often difficult, and it is then not easy to say whether the proponent's testimony in rebuttal might or might not as well have been put in originally; yet the principle involved is clear. Moreover, practical disadvantages that would result from abandoning the natural order of evidence are, first, the possible unfairness to an opponent who has justly supposed that the case in chief was the entire case which he had to meet, and, secondly, the interminable confusion that would be created by an unending alternation of successive fragments of each case which could have been put in at once in the beginning.' 4 Wigmore, Evidence (2d Ed.) § 1873." *DiMaio* v. *Panico*, 115 Conn. 295, 297–99, 161 A. 238 (1932).

In the present case, the plaintiff offered expert testimony from James Kenny in her case-in-chief concerning how the collision occurred and who was driving. Batterman's proposed testimony also sought to explain how the collision occurred and who was driving. The trial court properly allowed Batterman to testify in rebuttal that in his opinion the collision had not occurred as the defendants' expert had explained, but the trial court did not abuse its discretion by precluding Batterman's opinion testimony concerning how the collision occurred and who was driving the vehicle. The plaintiff was free to proffer Batterman's theory during her case-in-chief and her failure to do so does not make the testimony proper in rebuttal. We conclude that the trial court did not improperly limit the plaintiff's expert testimony in rebuttal.

The judgment is affirmed.

In this opinion the other judges concurred.