[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: PLAINTIFFS' MOTION TO ALLOW SUPPLEMENTAL DISCLOSURE
In this medical malpractice action, the minor plaintiff and his mother have moved this Court to allow them to supplement their prior disclosures of expert witnesses by the filing of a two-page list of health care providers, teachers, and therapists who assertedly rendered care and/or treatment to the minor plaintiff for the injuries at issue herein. Certain of these treaters are listed by name and address. Others are listed only generically, by job title and name of employer. All are identified in the body of the supplemental disclosure as witnesses who:
 will testify regarding their care and treatment of Tyler Norrie (the minor plaintiff), their diagnoses and prognoses of his condition and his need for continuing treatment, based upon their treatment and examinations of Tyler Norrie. These witnesses are not being called as experts with regard to the defendants' violation of the standard of care as alleged in the complaint, nor are they being called to testify with regard to the cause of Tyler Norrie's injuries as it relates to the defendants' negligence as alleged in the complaint.
Motion to Allow Supplemental Disclosure, p. 2.
Defendant Bristol Hospital has objected to the plaintiffs' motion on the ground that the supplemental disclosure lacks sufficient detail to comply with the requirements of Practice Book § 13-4(4).[1] The defendant claims, in particular, that the disclosure gives it no notice of any opinion to be offered by any listed witness, any facts or grounds upon which such opinions will be based, and in certain cases, any information concerning the personal identity of the witness. Devoid of such information, claims the defendant, the disclosure fails to give it fair notice of the content of the witnesses' expected expert testimony, as § 13-4 (4) is intended to guarantee.
The plaintiffs insist that their disclosure is sufficient to satisfy § 13-4 (4) because the listed witnesses are merely treaters and CT Page 12455 caregivers whose records have been fully disclosed and whose anticipated testimony will assertedly not concern the essential elements of medical malpractice — standard of care, deviation therefrom, and legal causation. Reduced to its essence, their claim concerning these witnesses is that their testimony will be purely factual, though of course it will involve descriptions and explanations of observations they made and treatment options they considered, pursued and/or recommended as medical experts in the course of and for the purpose of the plaintiff's care and treatment.
Our case law clearly establishes that a plaintiff who wishes to present expert opinion testimony from one of his treaters or caregivers must file an expert disclosure concerning that witness under Practice Book §13-4(4). Gemme v. Goldberg, 31 Conn. App. 527, 535, 626 A.2d 318 (1993) (holding that ". the disclosure requirements of Practice Book [13-4 (4)] apply with equal force to treating physicians as well as to independent experts.") However, it just as surely establishes that the plaintiff may call a treater or caregiver to give purely factual testimony concerning his care and treatment without making any such disclosure. See Sung v.Butterworth, 35 Conn. App. 154, 158, 644 A.2d 395 (1994) (upholding a trial judge's ruling that a treating physician who had not been disclosed as an expert witness could not offer opinion testimony on any subject but "could testify concerning . . . his own care and treatment of the plaintiff.")
Notwithstanding this settled distinction, many plaintiffs who wish to present only non-expert testimony from their treaters and caregivers disclose such witnesses as experts under § 13-4 (4) to avoid preclusion of such witnesses' testimony if the trial court should determine that any part of their testimony can only be given by an expert. Even so, in making such disclosures, many otherwise-careful plaintiffs defeat their own sound purposes by limiting the substance of the disclosures to short-form references to the witnesses' medical records or charts, thus falling far short of the detailed requirements of the rule. The stated justification for making such inadequate disclosures is that since the disclosed witnesses are really only fact witnesses, all the defendant needs to prepare for and respond to their testimony is the witnesses' charts and records, which fully reflect their observations, actions, and conclusions concerning the plaintiff's case.
Defendants appropriately object to such short-form disclosures for two related reasons. First, because they fail so obviously to comply with the requirements of § 13-4 (4), any failure to object to them in timely fashion may later be taken as a waiver of the right to full advance disclosure if opinion testimony from the witness is offered at trial. Second, defendants are well aware that treaters' and caregivers' CT Page 12456 "just-the-facts" descriptions of their observations, actions, and recommendations during treatment are often accompanied by two types of opinion testimony that go to the heart of the plaintiff's claim for damages.
The first, which is arguably implicit in every treater's or caregiver's description of the care or treatment he rendered to the plaintiff, is that such care or treatment was reasonable and necessary in the circumstances presented. To recover damages for expenses incurred for medical care or treatment in the wake of alleged malpractice, a plaintiff must prove both that he received such care or treatment and that it was reasonable and necessary in light of his injuries. See, e.g., Burns v.Hanson, 249 Conn. 809, 833, 734 A.2d 964 (1999). If, then, a treater or caregiver were called to testify not merely as to the nature of the care or treatment he rendered but as to the reasonableness and necessity of such care or treatment, the proffered testimony would be expert testimony as to which an expert disclosure is required under § 13-4 (4). Sungv. Butterworth, supra, 35 Conn. App. at 158.
The second type of opinion testimony frequently elicited from treaters and caregivers is evaluative testimony as to the plaintiff's likely need for future care or treatment and predictive testimony as to his likely future medical course. Unlike needs projections and recommendations for follow-up care or treatment which the witness may have made while the plaintiff was a patient in his care, such testimony is not merely descriptive of actions he took, which others can evaluate for their reasonableness or necessity. Instead, it necessarily consists of opinions about future events which only an expert can competently give. As such, it is testimony as to which full disclosure is mandated by § 13-4 (4). Sung v. Butterworth, supra, 35 Conn. App. at 158.
In this case, there is an inconsistency between the broad language of the plaintiffs' supplemental disclosure and their narrower argument that the witnesses' testimony will be "purely factual" — that is, merely descriptive of care and treatment actually rendered to the plaintiff in the past. The inconsistency arises from the broad general statement in the supplemental disclosure that the witnesses "will testify regarding their care and treatment of Tyler Norrie, their diagnoses and prognoses of his condition and his need for continuing treatment based upon their treatment and examinations of Tyler Norrie." Motion, p. 2. If, by this description of the witnesses' anticipated testimony, the plaintiffs meant only to give notice that the witnesses will testify about those diagnoses and prognoses concerning the plaintiff and assessments of his needs for further care or treatment which they reached while treating or caring for him, recorded in their records, and/or communicated to others to ensure he would receive such care or treatment, then such testimony would be CT Page 12457 purely factual, and need be have been disclosed under Practice Book §13-4(4). If, by contrast, the disclosure was intended to signal that the witnesses' testimony will be offered either to establish the reasonableness and necessity of the care and treatment they rendered to the plaintiff or to establish the plaintiff's likely need for future care and treatment, then such testimony would be expert opinion testimony as to which full disclosure is required under § 13-4 (4). It is not possible to tell from the disclosure which meaning was intended.
Against this background, the plaintiffs' motion for supplemental disclosure must be denied without prejudice to its resubmission with a detailed disclosure as to each treater or caregiver who will testify as an expert concerning the reasonableness and necessity of any care or treatment rendered to the plaintiff to date and/or prognoses for the plaintiff's medical future or assessments of his future service needs. If no such evaluative or predictive testimony is to be offered, and instead the witnesses' testimony will be confined to factual descriptions of what they observed and did while treating and caring for the plaintiff, they may properly testify as fact witnesses without being disclosed as experts under § 13-4 (4).
It is so ORDERED this 5th day of October, 2000.
MICHAEL R. SHELDON, J.