SHARON MEZES *v.* EDWARD MEAD ET AL.
(AC 15895)

Foti, Schaller and Sullivan, Js.

Argued January 22—officially released April 7, 1998

*Christina L. Sippel*, with whom, on the brief, was *Bruce J. Corrigan*, for the appellant (plaintiff).

*Michael T. McCormack*, with whom, on the brief, were *Linda Gray MacDonald* and *John R. Lilliendahl III*, for the appellees (defendants).

*John R. Mitola*, for the appellee (intervening plaintiff).

*Opinion*

FOTI, J. The plaintiff, Sharon Mezes, appeals from the judgment rendered following a jury verdict in favor of the defendants, Edward Mead and Lend Lease Cars, Inc. In her complaint, the plaintiff sought to recover damages for personal injuries that were allegedly caused by the defendants' negligence and sustained during the course of the plaintiff's employment. The plaintiff's employer, Perkin-Elmer Corporation (Perkin-Elmer), filed an intervening complaint to recover payments made under the Workers' Compensation Act. The defendants filed a counterclaim against Perkin-Elmer seeking indemnification in the event that the plaintiff prevailed on her claim. Following the jury's verdict in favor of the defendants, the trial court rendered judgment in favor of Perkin-Elmer on the defendants' counterclaim. The defendants claim that the trial court improperly rendered judgment in favor of Perkin-Elmer on their counterclaim. For purposes of this appeal, we will treat the defendants' claim as a request for review of an adverse ruling of the trial court pursuant to Practice Book § 4013 (a) (1) (B), now Practice Book (1998 Rev.) § 63-4 (a) (1) (B).[1]

---

[1] Practice Book § 4013 (a), now Practice Book (1998 Rev.) § 63-4 (a), provides in relevant part: "At the time the appellant sends a copy of the endorsed appeal form and the docket sheet to the appellate clerk, the appellant shall also send the appellate clerk an original and one copy of the following:

"(1) A preliminary statement of the issues intended for presentation on appeal. *If any appellee wishes to . . . (B) present for review adverse rulings or decisions of the court which should be considered on appeal in the event the appellant is awarded a new trial . . . that appellee shall file a*

On appeal, the plaintiff claims that the trial court improperly (1) denied her motion to set aside the verdict, as it was against the weight of the evidence, (2) denied her motion to set aside the verdict or, in the alternative, to declare a mistrial as a result of defense counsel's reference during closing argument to a document not in evidence, (3) permitted defense counsel to elicit a lay opinion from a witness while denying the plaintiff's counsel the opportunity to elicit a lay opinion from another witness on the same subject, (4) refused to allow the plaintiff to call a rebuttal witness who had been excluded from testifying during the plaintiff's case-in-chief, (5) refused to allow the plaintiff to call a witness due to the plaintiff's late disclosure, (6) allowed the defendants' expert witness to testify as to matters that exceeded the scope of his disclosed expert opinions, (7) commented, during its charge to the jury, on the testimony of the defendants' liability expert to the exclusion of the testimony of the plaintiff's medical experts and the "relevant testimony" of a defense witness, (8) denied the plaintiff's request for leave to amend her complaint filed during the course of the trial, and (9) denied Perkin-Elmer's pretrial motion for summary judgment, thereby precluding the plaintiff from requesting a jury charge on the doctrine of res ipsa loquitur. We disagree and therefore affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On August 23, 1989, the plaintiff, an employee of Perkin-Elmer, attended a company picnic at its headquarters in Norwalk. The picnic was held in an area adjacent to the company's shipping department. In preparation for the picnic, maintenance workers employed by Perkin-Elmer set up the grounds and

*preliminary statement of issues within twenty days from the filing of the appellant's preliminary statement of the issues. . . ."* (Emphasis added.)

roped off the access road leading to the shipping building. The road barrier set up prior to the picnic was made of one-quarter to one-half inch thick yellow nylon rope. The rope was tied at one end to a stationary object and was stretched across the roadway, where it was attached to a portable metal stanchion that was placed along the edge of the roadway. There were no flags tied to the rope and no other warning devices were used to make the road barrier more visible.

At approximately 4:10 p.m., the defendant Mead, driving a delivery van for a private delivery company, arrived at Perkin-Elmer for his daily pickup of packages. The defendant turned into Perkin-Elmer's access road and traveled approximately one quarter of one mile. As the defendant turned into the road leading to the shipping department, the van struck the rope. As a result, the portable stanchion was pulled into the side of the van and was propelled through the air where it struck the plaintiff, who was sitting at a picnic bench in a grassy area to the left of the roadway.

The plaintiff brought suit to recover damages for injuries to her head, face, neck, right wrist and elbow. On November 1, 1995, the jury returned a verdict in favor of the defendants. On November 6, 1995, the plaintiff filed a motion to set aside the verdict. On April 1, 1996, the trial court denied the plaintiff's motion to set aside the verdict and rendered judgment in favor of Perkin-Elmer on the defendants' counterclaim. On July 23, 1996, the defendants filed an appeal of the trial court's order rendering judgment in favor of Perkin-Elmer on their counterclaim. On September 25, 1996, we entered an order that the defendants' appeal be dismissed and their claim treated as a request for review of an adverse ruling of the trial court pursuant to § 4013 (a) (1) (B).

## I

The plaintiff first claims that the trial court abused its discretion in denying her motion to set aside the verdict, as it was against the weight of the evidence. The plaintiff argues that during the trial, she presented substantial evidence that Mead's negligence was the proximate cause of her injuries.

"Our standard of review, where the trial court's action on a motion to set aside a verdict is challenged, is whether the trial court clearly abused its discretion. . . . The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion.' . . . *McKee* v. *Erikson,* 37 Conn. App. 146, 148, 654 A.2d 1263 [cert. denied, 233 Conn. 908, 658 A.2d 980] (1995); see also *Palomba* v. *Gray,* 208 Conn. 21, 25, 543 A.2d 1331 (1988)." (Internal quotation marks omitted.) *White* v. *Edmonds,* 38 Conn. App. 175, 182, 659 A.2d 748 (1995). The trial court may set aside a jury's verdict only if it finds that the jury could not reasonably and legally have reached its conclusion. *Mulligan* v. *Rioux,* 229 Conn. 716, 726, 643 A.2d 1226 (1994), on appeal after remand, 38 Conn. App. 546, 662 A.2d 153 (1995).

Although the plaintiff presented evidence in support of her theory that Mead's negligence was the proximate cause of her injuries, the defendants also presented evidence that the road barrier set up by Perkin-Elmer was not reasonably visible to Mead. This evidence included Mead's testimony that he could not see the rope prior to striking it. There was also undisputed testimony that the rope across the roadway had no flags on it and that there were no warning devices in the area to indicate that the roadway was closed.

On the basis of that evidence, the jury reasonably could have concluded that Mead was not negligent and

that the deficient road barrier was the cause of the accident. The trial court, therefore, properly denied the plaintiff's motion to set aside the verdict on the ground that it was against the weight of the evidence.

## II

The plaintiff next claims that the trial court abused its discretion in failing to declare a mistrial or to set aside the verdict as a result of defense counsel's reference during closing argument to a document not in evidence. The plaintiff argues that defense counsel improperly read to the jury excerpts from a police accident report that expressed the opinion of the investigating officer that the road barrier was inadequate.

The trial court has broad discretion in deciding whether counsel's comments before the jury are so prejudicial as to require the declaration of a mistrial. *Berry* v. *Loiseau*, 223 Conn. 786, 812–13, 614 A.2d 414 (1992). "A cautionary instruction is a relevant factor to be considered in determining if the trial court properly exercised its discretion . . . as is the absence of bad faith on the part of . . . counsel . . . ." (Citations omitted.) *Drew* v. *K-Mart Corp.*, 37 Conn. App. 239, 247, 655 A.2d 806 (1995). "The trial judge is in the best position to determine whether the admonition given was a sufficient antidote for improper argument." *Yeske* v. *Avon Old Farms School, Inc.*, 1 Conn. App. 195, 204, 470 A.2d 705 (1984).

In this case, the plaintiff's counsel immediately objected to the statements made by defense counsel and asked that they be stricken. The trial court sustained the objection and instructed the jury that the statement "was not in evidence and the jury [should] disregard [it]." Defense counsel then apologized to the court and rephrased her argument. The plaintiff's counsel neither objected to the scope of the curative instruction given by the court nor moved for a mistrial. Under these

facts, we cannot conclude that the trial court abused its discretion in failing to declare a mistrial or to set aside the verdict.

## III

The plaintiff next claims that the trial court abused its discretion in permitting defense counsel to elicit a lay opinion from the plaintiff's witness, Edward Eckert, concerning the adequacy of the road barrier, while denying the plaintiff's counsel the opportunity to elicit a lay opinion from another witness on the same subject.

The admissibility of opinion testimony from lay witnesses "rests in the sound discretion of the trial court, and the exercise of that discretion, unless abused, will not constitute reversible error. *State* v. *Orsini,* 155 Conn. 367, 373, 232 A.2d 907 (1967); *Turbert* v. *Mather Motors, Inc.,* 165 Conn. 422, 434, 334 A.2d 903 (1973)." (Internal quotation marks omitted.) *State* v. *Spigarolo,* 210 Conn. 359, 371, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989).

Our review of the transcript reveals that during cross-examination by defense counsel, Eckert was asked whether he had any opinion as to the adequacy of the barrier. After considering the objections of opposing counsel, the court overruled them and allowed the witness to offer his opinion as to the adequacy of the barrier. The trial court, however, admonished the jurors that the witness' opinion was not binding on them and that it was their opinions and their findings that mattered in light of the totality of the evidence.

Later, during cross-examination of the defendants' witness Dorothy Haffen, counsel for Perkin-Elmer asked Haffen whether, in her opinion, the rope was visible to drivers entering the roadway. Defense counsel

objected and, after hearing argument outside the presence of the jury, the trial court sustained the objection. Thereafter, the plaintiff's counsel asked Haffen whether, in her opinion, the road barrier was adequate to keep cars out of the shipping area. Defense counsel again objected, which objection was sustained by the trial court.

Although the trial court did not provide any explanation for its decision to sustain the objections to the questions posed to Haffen, none was required. See *Patrick* v. *Burns*, 5 Conn. App. 663, 674, 502 A.2d 432 (1985), cert. denied, 198 Conn. 805, 504 A.2d 1059 (1986) (court not obligated to explain basis for evidentiary rulings). Nevertheless, the rationale for the trial court's decision is clear from the transcript. The first question posed to Haffen required her to speculate as to what could be seen by a driver entering the roadway, and the second question went beyond what was asked of Eckert and sought Haffen's opinion as to whether the road barrier was adequate *to keep cars out of the shipping area.* Under these facts, we cannot find an abuse of discretion by the trial court.

IV

The plaintiff next claims that the trial court abused its discretion in refusing to allow her to call a rebuttal witness who had been excluded from testifying during her case-in-chief.

" 'The admission of rebuttal evidence lies within the sound discretion of the trial court. *Shaham* v. *Capparelli*, 219 Conn. 133, 134, 591 A.2d 1269 (1991).' *Pie Plate, Inc.* v. *Texaco, Inc.*, 35 Conn. App. 305, 310, 645 A.2d 1044, cert. denied, 231 Conn. 935, 650 A.2d 172 (1994)." *Roberto* v. *Honeywell, Inc.*, 43 Conn. App. 161, 167, 681 A.2d 1011, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996). In *Pie Plate, Inc.* v. *Texaco, Inc.*, supra,

311, we held that the trial court did not abuse its discretion in refusing to allow rebuttal evidence from an expert witness whom the court had precluded from testifying during the plaintiffs' case-in-chief because of the plaintiffs' late disclosure of the witness.

Prior to trial in the present case, Rosa Wolf was precluded from testifying during the plaintiff's case-in-chief because of late disclosure. Following the testimony of Mead, the plaintiff attempted to call Wolf as a witness to rebut Mead's testimony that at the time of the accident, he did not use evasive action to avoid an individual in the path of his van. The defendants objected to Wolf's testimony and, after hearing argument outside the presence of the jury, the trial court sustained the objection.

In light of the trial court's previous order precluding Wolf from testifying during the plaintiff's case-in-chief, we cannot conclude that the trial court abused its discretion in refusing to allow Wolf to testify as a rebuttal witness. See *Pie Plate, Inc.* v. *Texaco. Inc.*, supra, 35 Conn. App. 311 (not abuse of discretion to refuse to permit plaintiffs to achieve on rebuttal what had been denied them during their case-in-chief).

## V

The plaintiff next claims that the trial court abused its discretion in refusing to allow her to call a witness because of her late disclosure of that witness. The plaintiff argues that the trial court improperly denied her request to call John Jorgielewicz as a witness because Jorgielewicz did not identify himself to the plaintiff until shortly before trial.

"A preliminary question concerning the admissibility and relevancy of evidence is within the trial court's broad discretion; *State* v. *Fritz*, 204 Conn. 156, 167, 527 A.2d 1157 (1987); and on appeal the court will not

overrule a trial court's discretion unless there is clear evidence of abuse of that discretion. *Ellice* v. *INA Life Ins. Co. of New York,* 208 Conn. 218, 222, 544 A.2d 623 (1988)." *Hall* v. *Burns,* 213 Conn. 446, 464, 569 A.2d 10 (1990).

Jorgielewicz was an employee of Perkin-Elmer and a member of the band that played at the company picnic on the day of the accident. Although the accident occurred on August 23, 1989, Jorgielewicz' identity was not disclosed to the defendants until October 12, 1995. In granting the defendants' motion to preclude Jorgie-lewicz from testifying at trial, the court stated: "One of [the plaintiff's] obligations is to comply with the defendants' discovery requests . . . . Maybe there wasn't an adequate investigation. I don't know. But it's unfair for a litigant or a litigant's attorney to be put under the gun and . . . in the middle of preparing for trial . . . [have to] go and take depositions of some-body who should have been and could have been, from all that appears, disclosed years ago [had] an adequate investigation been made."

The trial court reasonably concluded that, had the plaintiff undertaken an adequate investigation during the six years since the date of the accident, Jorgielewicz' identity would have been discovered at an earlier date. The trial court, therefore, did not abuse its discretion in precluding Jorgielewicz from testifying because of the plaintiff's late disclosure.

VI

The plaintiff next claims that the trial court abused its discretion in allowing the defendants' expert witness to testify as to matters that exceeded the scope of his disclosed expert opinions. The plaintiff argues that Edmund Sullivan's testimony regarding the speed of Mead's vehicle at the time of the accident went beyond the scope of his disclosed expert opinions. In addition,

the plaintiff argues that Sullivan did not have a sufficient factual basis for the opinions he rendered at trial.

"[T]he trial court has wide discretion in ruling on the admissibility of expert testimony and this discretion is not to be disturbed . . . unless [it] has been abused, or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.) *Going* v. *Pagani*, 172 Conn. 29, 35, 372 A.2d 516 (1976); see also *Roberto* v. *Honeywell, Inc.*, supra, 43 Conn. App. 163–65 (trial court did not abuse discretion in finding that disclosure addressed testimony expert would give at trial).

Prior to trial, the defendants disclosed Sullivan as an expert witness. The disclosure contained Sullivan's opinions that the road barrier was not sufficiently visible to a motorist in Mead's position and did not provide an adequate warning that the road was closed. During direct examination, Sullivan testified that the speed of Mead's vehicle was relevant to his opinion regarding the adequacy of the road barrier and that he saw no evidence that the vehicle was being operated at an excessive rate of speed. The trial court, in its discretion, overruled the objection to that testimony made by counsel for Perkin-Elmer. The trial court did not abuse its discretion in admitting the testimony.

Furthermore, the plaintiff's claim that Sullivan's opinions are not supported by a sufficient factual basis is without merit. During cross-examination by counsel for Perkin-Elmer, Sullivan testified that his opinions were based on his review of the police report, an accident report prepared by Perkin-Elmer, interrogatories and a traffic safety manual. Thus, the trial court did not abuse its discretion in concluding that there was a sufficient factual basis for Sullivan's opinions.

## VII

The plaintiff next claims that the trial court abused its discretion in commenting, during its charge to the

jury, on the testimony of the defendants' liability expert to the exclusion of the testimony of the plaintiff's medical experts and the "relevant testimony" of a defense witness. The plaintiff argues that the trial court improperly commented on the testimony of the defendants' liability expert, Edmund Sullivan, regarding the adequacy of the road barrier and the braking and stopping distance of Mead's vehicle. The plaintiff contends that the trial court gave "undue weight" to Sullivan's opinions and failed to comment on the testimony presented by the plaintiff's medical experts, Richard Resnick and William Lewis, both physicians. The plaintiff also argues that the trial court improperly omitted from its jury charge the "relevant testimony" of defense witness Haffen that she had observed Mead's vehicle prior to the accident but thereafter looked away and did not see the van hit the rope.

"The matter of commenting on evidence rests within the discretion of the trial court and impropriety will be found only where that discretion has been abused. *Heslin* v. *Malone*, 116 Conn. 471, 477–78, 165 A. 594 (1933); *Felsted* v. *Kimberly Auto Services, Inc.*, [25 Conn. App. 665, 669, 596 A.2d 14, cert. denied, 220 Conn. 922, 597 A.2d 342 (1991)]." *Geren* v. *Board of Education*, 36 Conn. App. 282, 287, 650 A.2d 616 (1994), cert. denied, 232 Conn. 907, 653 A.2d 194 (1995). "The trial court's discretion . . . is tempered only by the mandate that its comments be reasonable and fair and not misstate facts or evidence. . . . The nature and extent of such comment must largely depend upon the facts involved in the particular case and the manner in which it has been tried." (Internal quotation marks omitted.) Id., 287–88.

In its charge to the jury, the trial court discussed evidence that was both favorable and adverse to the defendants. The court stated that its discussion of the evidence was "merely a summary" and that "it's not

[the court's] recollection of the evidence that's important" but the jury's recollection. The trial court also instructed the jurors that they should "examine Mr. Sullivan's testimony and opinions as you would any other witness and in light of the suggested criteria for examining expert witnesses that [the court] stated earlier in [its] instructions . . . ."

Our review of the record and the entire charge confirms that the trial court's instructions fairly and adequately presented the case to the jury and that no injustice was done to the plaintiff. See *State* v. *Rumore*, 28 Conn. App. 402, 411, 613 A.2d 1328, cert. denied, 224 Conn. 906, 615 A.2d 1049 (1992). The trial court, therefore, did not abuse its discretion in commenting on Sullivan's testimony to the exclusion of Haffen's testimony and the testimony of the plaintiff's medical experts.

## VIII

The plaintiff next claims that the trial court abused its discretion in denying her request for leave to amend her complaint. The plaintiff sought leave to amend her complaint to include an allegation that Mead was negligent because he operated his vehicle at an unreasonable rate of speed for the prevailing conditions. The plaintiff's request for leave to amend her complaint was filed more than four years after her initial complaint.

" 'Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion.' " *AirKaman, Inc.* v. *Groppo*, 221 Conn. 751, 766, 607 A.2d 410 (1992). "Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." (Internal quotation marks omitted.)

*Drew* v. *K-Mart Corp.*, supra, 37 Conn. App. 242. "The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) *Esposito* v. *Presnick*, 15 Conn. App. 654, 660, 546 A.2d 899, cert. denied, 209 Conn. 819, 551 A.2d 755 (1988).

We are not persuaded that the trial court's denial of the plaintiff's request to amend her complaint resulted in any prejudice to the plaintiff. The plaintiff's complaint alleged, inter alia, that Mead was negligent in that he failed to (1) keep a proper lookout, (2) stop his motor vehicle in a timely fashion, and (3) keep proper control of his motor vehicle. The plaintiff's proposed amendment sought merely to add an allegation that Mead was negligent because he operated his vehicle at an unreasonable rate of speed for the prevailing conditions. Moreover, although the trial court denied the plaintiff's request to amend her complaint, it allowed testimony regarding the speed of Mead's vehicle. Under the circumstances, the trial court did not abuse its discretion in denying the plaintiff's request for leave to amend her complaint.

## IX

The plaintiff's final claim is that the trial court improperly denied Perkin-Elmer's pretrial motion for summary judgment thereby precluding the plaintiff from requesting a jury charge on the doctrine of res ipsa loquitur.

The doctrine of res ipsa loquitur permits "the jury to infer negligence based on the circumstances of the incident even though no direct evidence of negligence has been introduced. . . . The doctrine . . . applies when three conditions are satisfied: (1) [t]he situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would

result unless from a careless construction, inspection or user[;] (2) [b]oth inspection and user must have been at the time of the injury in the control of the party charged with neglect[;] (3) [t]he injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." (Citations omitted; internal quotation marks omitted.) *Giles* v. *New Haven*, 228 Conn. 441, 446, 636 A.2d 1335 (1994). "Whether res ipsa loquitur applies depends upon whether the defendant's negligence was the most plausible explanation for the plaintiff's injury; the doctrine does not apply if there are other reasonable explanations for the plaintiff's accidental injury." Id., 448.

The plaintiff's claim appears to be based on the mistaken belief that had Perkin-Elmer been removed from the case by way of summary judgment, the defendants would have been precluded from introducing evidence at trial that Perkin-Elmer's negligence was the proximate cause of the plaintiff's injuries. Even if we were to assume that Perkin-Elmer was entitled to summary judgment on the defendants' counterclaim, the defendants would have been entitled to produce evidence that the plaintiff's injuries were caused by the inadequate road barrier erected by Perkin-Elmer, rather than any negligence on the part of Mead. Because the inadequacy of the road barrier provides a reasonable explanation for the plaintiff's injuries, the plaintiff was not entitled to a jury instruction on the doctrine of res ipsa loquitur. The trial court's denial of Perkin-Elmer's pretrial motion for summary judgment, therefore, in no way prejudiced the plaintiff.

Our resolution of the plaintiff's claims makes it unnecessary to address the claims raised by the defendants pursuant to Practice Book § 4013 (a) (1) (B).

The judgment is affirmed.

In this opinion the other judges concurred.