[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 114
The plaintiff, Nayan Champaigne, filed a twelve-count revised complaint against the defendants, Richard Scarso (Scarso), The Polaris Group, Inc. and Polaris Financial Services, Inc. (Polaris) and Dreyfus Service Corp. a/k/a Dreyfus Family of Funds (Dreyfus) on March 12, 1998. The plaintiff alleges that Scarso was an investment advisor employed by Polaris, and that Scarso misappropriated money he was supposed to be investing for the plaintiff. The plaintiff has brought causes of action against Scarso for conversion in count one, fraud in count two, breach of fiduciary duty in count three, violation of the Connecticut Uniform Securities Act (CUSA) in count four, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) in count five. The plaintiff has also brought causes of action against Polaris for negligence in count six, CUSA in count seven, under the doctrine of respondeat superior in count eight and CUTPA in count nine. In addition, the plaintiff has brought causes of action against Dreyfus for negligence in count ten, conversion in count eleven, and violation of CUTPA in count twelve.
On March 23, 1998, Polaris filed a motion to strike count nine and the corresponding portion of the prayer for relief seeking punitive damages of the plaintiff's revised complaint on the ground that the plaintiff's cause of action under CUTPA is preempted by her securities claims. The plaintiff did not file an objection to Polaris' motion to strike, but rather filed a request for leave to amend her complaint on April 20, 1998. The proposed amended complaint contains the same causes of action against each of the defendants with the exception that the plaintiff has alleged three separate CUTPA claims against Polaris based upon common law causes of action rather than CUSA.[1]
Polaris filed an objection to the plaintiff's request for leave to amend on April 29, 1998, in which Polaris related that it had filed the previous motion to strike count nine of the revised complaint on the ground that the CUTPA claim was preempted by the securities claims. The motion was marked off after counsel for the plaintiff and Polaris conferred and it was agreed that the plaintiff would file an amended complaint which would comply with the motion to strike. Polaris argues that the proposed amended complaint still contains a defective CUTPA claim, and therefore objects to the plaintiff's request for leave to amend on the grounds relied upon in its motion to strike. The plaintiff filed a response to Polaris' objection for leave to amend dated May 5, 1998, in which the plaintiff argues that she CT Page 7523 deleted the CUTPA claim based upon CUSA, substituting in three CUTPA claims based on conversion, fraud and breach of fiduciary duty. The plaintiff also argues that Polaris should file a new motion to strike based upon the new allegations raised in the proposed amended complaint. The matter was heard by the court on May 11, 1998.
"In the interest of justice courts are liberal in permitting amendments. . . ." Eisenbach v. Downey,45 Conn. App. 165, 181, 694 A.2d 1376, cert. denied, 241 Conn. 926,696 A.2d 1264 (1997). "Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment. . . . The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Citations omitted; internal quotation marks omitted.) Mezes v. Mead,48 Conn. App. 323, 336-37, ___ A.2d ___ (1998).
Here the court may in its discretion grant the plaintiff's request for leave to file the amended complaint (# 117). None of the factors listed above are indicated. Only thirty-nine days have elapsed since the revised complaint was filed; this matter is not scheduled for trial; the amendments appear to be responsive to the original motion to strike; and Polaris will not be prejudiced by allowing the plaintiff to amend the complaint, as Polaris may file a new motion to strike if it chooses to challenge the legal sufficiency of any count relevant to it contained in the amended complaint. Accordingly, the court overrules Polaris objection to the request for leave to amend the complaint (# 124) and denies Polaris' motion to strike (# 114) on the ground that it is now moot. See, e.g., Anzalone v.Smith, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321689 (November 12, 1997, Stodolink, J.)
DAVID W. SKOLNICK, JUDGE.