[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON LEVY DRONEY'S OBJECTION TO REQUEST FOR LEAVE TO AMEND COMPLAINT (OBJECTION TO PROPOSED COMPLAINT DATED 11/19/98)
By a memorandum of decision dated November 4, 1998, this court granted many parts of the various motions to strike filed by the various defendants in this case. Where a motion to strike is granted, a plaintiff has an opportunity pursuant to Practice Book § 10-44 to file a new pleading within fifteen days. Instead of filing a new complaint as of right pursuant to this procedure, the plaintiff filed a Request for Leave to Amend the Complaint, apparently to add new material in addition to changes made in conformity with the court's rulings on the various motions to strike. The only defendants who filed and have pursued objections CT Page 7774 to the request for leave to amend are Levy Droney, P.C. and Joseph A. Vitale. Their claim for adjudication of this objection was delayed by the plaintiffs subsequent motion for leave to file yet another amended complaint. Since leave to file that additional complaint was denied by the court, Levy Droney and Joseph Vitale have requested adjudication of their objection regarding the proposed November 19, 1998 complaint.
Since other defendants have not objected to the Request for Leave to Amend, that complaint is the operative complaint as to them.
The grounds stated in the objection are
1) that the proposed amendment repeats claims for statutory remedies pursuant to Conn. Gen. Stat. § 17b-529 (a) previously stricken by this court; and
2) that the plaintiffs have added new claims that Levy 
Droney, P.C. and Vitale are agents of East Hill Woods, Inc. And that they are liable for acting in concert with East Hill Woods, Inc.
I. Claim of repleading stricken claims
In the ruling on motions to strike dated November 4, 1998, this court struck counts that alleged that Levy Droney, P.C. and Vitale were liable under the Continuing Care Act as "providers." The court also struck counts alleging common law aiding and abetting of statutory violations because the plaintiffs had not pleaded scienter but only that these defendants "knew or should have known" of violations by East Hill Woods, Inc. This court ruled that the statutory remedies mandated by the Continuing Care Act are restricted to those defined in the statute and are not available against aiders and abettors.
At paragraph 298 of Counts 15-18, paragraph 315 of Counts 19 and 20, paragraph 332 of Counts 21 and 22, and paragraph 339 of Counts 23 and 24, plaintiffs seek to allege that "pursuant to Conn. Gen. Stat. § 17b-529 (a) (the plaintiffs listed on the particular exhibit referenced in that count) . . . are entitled to damages and repayment of all fees, together with interest thereon, court costs, and reasonable attorneys fees." In effect, the plaintiffs are alleging liability for statutory remedies against the movants, a claim this court struck on November 4, CT Page 7775 1998.
The Practice Book, at § 10-45, states that the granting of a motion to strike removes the stricken count or issue from the case. The party whose claim or defense is stricken has the option of preserving the issue by filing a notice of intent to appeal, but that party may not simply repeat the stricken material, putting the adversary to the burden of moving again to strike it. The Connecticut Supreme Court has stated that factors to be considered in passing on a motion to amend include "fairness to the opposing parties." Connecticut National Bank v. Voog,233 Conn. 352, 364 (1995); AirKaman, Inc. v. Groppo, 221 Conn. 751,766 (1992); see also Mezes v. Mead, 48 Conn. App. 323, 336
(1998). It is not fair to require parties to file repeated motions with regard to the same claims.
This court has already stricken the claim for statutory damages under the Continuing Care Act as to defendants Levy 
Droney and Vitale as to claims of aiding and abetting statutory violations, while letting stand claims for common law remedies. The court denies the plaintiffs request for leave to amend counts 15 through 24 to continue to plead this claim for statutory damages for aiding and abetting.
II. Amendments to add new theories
The second ground of the objection is that the plaintiffs failed to state in their request for leave to amend that the proposed amended complaint contained new theories of agency and acting in concert. The movants assert that failure to highlight the nature of the amendment is reason to deny leave to amend.
While it is certainly a more forthright course to state the nature of the proposed amendment, especially when a party proposes filing a new complaint that is 312 pages in length, Section 10-60 of the Practice Book, which defines the procedures for seeking amendment, does not condition leave to amend on listing the proposed amendments.
The movants also suggest that leave to amend should be denied because the proposed amendment does not state a cause of action. The merit or lack of merit of a proposed claim is not a reason for denying leave to amend.
The movants have not asserted any further reasons for denying CT Page 7776 leave to amend. Conclusion
The request for leave to amend the complaint against defendants Levy Droney and Vitale by filing the proposed complaint dated November 19, 1999 is denied as to the references to the remedies provided in Conn. Gen. Stat. 17b-529 (a) in the counts that allege liability for aiding and abetting. The request for leave to amend is granted as to the other amendments applicable to these defendants. By granting leave to amend, the court expresses no view on the merit of the material contained in the amendment.
Before embarking on an additional round of motions addressed to the complaint, the defendants should consider that the continued presence of a claim in a complaint does not establish the validity of the claim at the time the issues are submitted to the trier of fact, and that if a claim involves only the same evidence as is likely to be admitted with regard to other claims, there is very little utility in mounting all conceivable challenges to the pleadings.
At the time they file an amended complaint that reflects the above partial denial of their November 1998 request for leave to amend, the plaintiffs are cautioned that this court has otherwise restrained amendment, and that no new allegations not contained in the November 19, 1998 complaint may be added against any party. The above ruling requires and authorizes only elimination of the language indicated above from the proposed amended complaint of November
Beverly J. Hodgson, Judge of the Superior Court CT Page 7777