[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs,. . . . filed an amended, two count complaint (complaint) against the defendants, the Milford Hospital (hospital) and Jerry Ferrentino, M.D., on June 16, 1997.[1] Count one is against the hospital and count two is against Ferrentino. Count two is the relevant count to this decision. The plaintiffs allege that Ferrentino committed medical malpractice in performing a circumcision on their son. The plaintiffs allege that Ferrentino was negligent and careless and that he "departed from the requisite standard of medical care in that he failed to exercise reasonable and ordinary care, skill and ability . . . ." (Complaint, ¶ 8.) Ferrentino filed an answer on July 28, 1997.
Ferrentino moves for summary judgment as to count two on the ground that the plaintiffs have not provided expert testimony concerning the applicable standard of care or Ferrentino's alleged deviation therefrom and that he is entitled to judgment as a matter of law. The plaintiffs object, arguing that the negligence was obvious and grossly clear to laypersons.
 I STANDARD
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the CT Page 8741 trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra,252 Conn. 201. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
 II DISCUSSION
Ferrentino argues that the plaintiffs filed a medical malpractice claim against him for his alleged negligence and carelessness in performing a circumcision on their son. Ferrentino argues that "[e]xpert testimony is required to establish both the standard of care which the defendant is held and the breach of that standard." (Ferrentino's Memorandum, p. 6.) Ferrentino argues that he has deposed all of the expert witnesses that the plaintiffs disclosed and that all "failed to provide any expert testimony whatsoever regarding the standard of care in this action, and Dr. Ferrentino's alleged breach of that standard." (Ferrentino's Memorandum, p. 6.) Ferrentino argues that "summary judgment is appropriate when it is evident the plaintiff will be unable to produce an expert witness to testify regarding the applicable standard of care." (Ferrentino's Memorandum, p. 6., citing Guzze v. New Britain GeneralHospital, 16 Conn. App. 480, 484-85, 547 A.2d 944, cert. denied,209 Conn. 823, 552 A.2d 430 (1988).)
The plaintiffs object to summary judgment, arguing that while expert testimony is ordinarily necessary, there is an exception when there is such an obvious lack of skill or care as to be apparent to a layperson. The plaintiffs argue that this exception applies to the present case because, following the circumcision, redundant foreskin remained requiring a second circumcision to be removed. The plaintiffs argue that "[c]ommon sense dictates that correction can only take place only when the original surgery or procedure was incorrectly done." (Plaintiffs' Memorandum, pp. 8-9.) The plaintiffs submit a letter by Dr. Kevin M. CT Page 8742 Diette that states that "[e]xamination today suggests that the redundant skin actually represents residual foreskin that was not removed at the time of the circumcision." (Plaintiffs' Exhibit 1.) The plaintiffs argue that "[s]ince this professional negligence is so gross . . . as to be clear even to a layperson, expert testimony is not required . . . ." (Plaintiffs' Memorandum, p. 9.) The plaintiffs argue that the doctrine of res ipsa loquitur applies to the present case.
"It is well established that ordinarily "[i]n a medical malpractice action, expert testimony is required to establish the standard of professional care to which the defendant is held . . . .' Mather v.Griffin Hospital, 207 Conn. 125, 130-31, 540 A.2d 666 (1988)." Stowe v.McHugh, 46 Conn. App. 391, 394, 699 A.2d 279, cert. denied, 243 Conn. 932,701 A.2d 662 (1997). "[T]he testimony of an expert witness is necessary to establish both the standard of proper professional skill or care on the part of a physician; Shelnitz v. Greenberg, 200 Conn. 58, 66,509 A.2d 1023 (1986); and that the defendant failed to conform to that standard of care." (Internal quotation marks omitted.) Doe v. YaleUniversity, 252 Conn. 641, 687, ___ A.2d ___ (2000). The exception to this rule is "in the unusual case where the want of care or skill is so gross that it presents an almost conclusive inference of want of care. . . ." (Citations omitted; internal quotation marks omitted.) Id.
"In this state, decisions indicating that the exception to the general requirement of expert testimony in medical malpractice cases might be applicable have involved foreign objects discovered in the body of a patient after surgery or abnormal injuries sustained during surgery. [Purov. Henry, 188 Conn. 301, 308, 449 A.2d 176 (1982)] (needle found in patient after hernia operation); Console v. Nickou, 156 Conn. 268,274-75, 240 A.2d 895 (1968) (needle left in patient after delivery of child); Allen v. Giuliano, 144 Conn. 573, 575, 135 A.2d 904 (1957) (lacerations to patient's leg in removal of cast); Slimak v. Foster,106 Conn. 366, 370, 138 A. 153 (1927) (piece of surgical instrument left in patient after nose operation). In other jurisdictions, courts have found the jurors' common knowledge adequate for understanding the basis for the malpractice claim without expert testimony in a variety of circumstances. LaRoche v. United States, 730 F.2d 538, 541 n. 5 (8th Cir. 1984) (placing permanent fillings in teeth that dentist should have known were infected); Carlsen v. Javurek, 526 F.2d 202, 207-208 (8th Cir. 1975) (dispute as to whether nurse-anesthetist had used anesthetic that surgeon had instructed her not to use); Gault v. Poor Sisters of St. FrancesSeraph of the Perpetual Adoration, Inc., 375 F.2d 539, 557 (6th Cir. 1967) (administration of wrong medication because containers appeared similar)." Bourquin v. B. Braun Melsungen, 40 Conn. App. 302, 314-15,670 A.2d 1322, cert. denied, 237 Conn. 909, 675 A.2d 456 (1996). CT Page 8743
The plaintiffs argue that the exception to the requirement of expert testimony applies to the present case, where foreskin remains after a circumcision. The plaintiffs argue that the doctrine of res ipsa loquitur applies. The doctrine of res ipsa loquitur permits "the jury to infer negligence based on the circumstances of the incident even though no direct evidence of negligence has been introduced. . . . The doctrine . . . applies when three conditions are satisfied: (1) [t]he situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user[;] (2) [b]oth inspection and user must have been at the time of the injury in the control of the party charged with neglect[;] (3) [t]he injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." (Citations omitted; internal quotation marks omitted.) Gilesv. New Haven, 228 Conn. 441, 446, 636 A.2d 1335 (1994); see also Mezesv. Mead, 48 Conn. App. 323, 337-38, 709 A.2d 597 (1998). "Whether res ipsa loquitur applies depends upon whether the defendant's negligence was the most plausible explanation for the plaintiff's injury; the doctrine does not apply if there are other reasonable explanations for the plaintiff's accidental injury." Giles v. New Haven, supra, 228 Conn. 448;Mezes v. Mead, supra, 48 Conn. App. 338.
"Whether the doctrine applies in a given case is a question of law for the court. Accordingly, the relevant question is what is the occurrence from which negligence can be inferred?" Gilliam v. Thomas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324686 (November 20, 1997, Melville, J.). "[T]he plaintiff here has alleged that the injury to the plaintiff would not have occurred in the absence of negligence. Nevertheless, negligence may not be inferred from the mere fact of injury. The circumstances accompanying the injury permit the inference of negligence." Id.
The plaintiffs argue that the existence of remaining foreskin after the circumcision is the evidence of Ferrentino's negligence. "The question becomes whether this event gives rise to the reasonable probability that in the ordinary course of events the incident would not have occurred without negligence. Where it cannot be inferred that the injury normally does not occur without negligence, expert testimony on that issue is necessary before res ipsa loquitur can be applied. Expert testimony to the effect that those in a specialized field of knowledge consider a certain occurrence as indicative of the probable existence of negligence is at least as probative of the existence of such a probability as the `common knowledge' of lay persons. Nonetheless, the circumstances attendant upon the accident must be of such a character as to justify a jury in inferring negligence as the cause of the accident." Gilliam v.Thomas, supra, Superior Court, Docket No. 324686. CT Page 8744
In Gilliam v. Thomas, supra, Superior Court, Docket No. 324686, the plaintiff alleged that she entered the care of the defendants for the purpose of a diagnostic laparoscopy procedure, and that during such a procedure, a burn to the patient's face would not normally occur except through the negligence of the defendants. Gilliam v. Thomas, supra, Superior Court, Docket No. 324686. The doctor described himself as a gynecological surgeon, and the procedure was described as an invasive abdominal diagnostic procedure. Id. The court held that, based upon the area of the plaintiff's body that was the subject of the procedure and the nature of the injuries suffered, there was sufficient circumstantial evidence alleged to permit a jury to infer negligence under the doctrine of res ipsa loquitur, either on the basis of its fund of common knowledge or on the basis of expert testimony. Id.
This court holds that, based upon that the allegation that foreskin remained after the circumcision was performed, "there is sufficient circumstantial evidence alleged to permit a jury to infer negligence under the doctrine of res ipsa loquitur . . . on the basis of its fund of common knowledge." Id.
 III CONCLUSION
Ferrentino's motion for summary judgment is therefore denied.
The Court
 By Sequino, J.