[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION 276 Objection TO REQUEST FOR LEAVE TO AMEND COMPLAINT AND MOTION 278 OBJECTION TO PLAINTIFFS' REQUEST TO LEAVE TO AMEND
By way of a Request to Amend, dated September 15, 2000, the plaintiff's in the instant action seek to amend its complaint.
 Whether to allow an amendment is a matter left to the sound discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion.'" AirKaman, Inc. v. Groppo, 221 Conn. 751, 766, 607 A.2d 410 (1992). "Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." (Internal quotation marks omitted.) Drew v. K-Mart Corp., supra, 37 Conn. App. 242. "The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) Esposito v. Presnick, 15 Conn. App. 654, 660, 546 A.2d 899, cert. denied, 209 Conn. 819, 551 A.2d 755 (1988).
Mezes v. Mead, 48 Conn. App. 323, 336 (1998),
The instant action is one that has a very long and complex history. Although the matter has been to the Connecticut Supreme Court on two Separate occasions, the pleadings are still not closed.
 In exercising its discretion . . . a court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the mover by CT Page 5423 denying him his day in court . . . or to his adversary by granting the motion, with the resultant delay.'" Ibid. (quoting from Cook v. Lawlor, 139 Conn. 68, 72).
Briggs v. Merrell, 27 Conn. Sup. 60, 63 (1966).
Granting the relief sought by the plaintiffs will not prejudice th defendant. The issues raised by the defendants concerning the legal sufficiency of the amendments, including, but not limited to the assertion concerning the addition of new claims based on New York law are more appropriately addressed by a Motion to Strike. The other issues raised by the defendant in its Objection to the Request to Revis are also more appropriately addressed through a Motion to Strike or other further motion pleading.
For the foregoing reasons, the plaintiffs' Request for Leave to Revise the Complaint is granted. Defendant's objections are overruled. So ordered
Richard A. Robinson, J.