[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' REQUEST FOR LEAVE TO AMEND THE COMPLAINT
The plaintiffs have filed a request for leave to amend their complaint to add a claim based on the defendant's imposition of a system for calculating compensation to physicians known as "Resource Based Relative Value Scale (RBRVS)." The plaintiffs filed the request on August 17, 2001, but did not request adjudication until April 26, 2002. (Their request for adjudication is unaccountably dated December 18, 2000; however the clerk's date stamp indicates that it was filed on April 26, 2002.) The defendant filed an objection to the request on September 4, 2001, and after the plaintiffs filed their request for adjudication, the defendants filed a reply brief on May 24, 2002.
Procedural history
The plaintiffs commenced this action in 1999 and the most recent version of the complaint was filed on February 28, 2001. On July 10, 2001, this court granted class certification as to some but not all of the claims made in that complaint. The defendants filed an appeal from that ruling, the plaintiffs cross-appealed. The Appellate Court denied a motion to dismiss the appeal and has not yet decided it.
The defendant filed a motion to stay all proceedings pending appeal. This court denied that motion, ruling that "[d]iscovery and trial preparation may proceed as to the claims of the individual plaintiffs as and to those claims for which class certification was granted. The plaintiffs may not conduct discovery as to claims of proposed class members for which class certification was not granted." (Case Management Order #5, Feb. 15, 2002, para. 2.) CT Page 7304
Standard of review
Practice Book § 10-60 provides that when a party requests leave to amend a pleading, the judicial authority shall rule on the request and "may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." The Connecticut Supreme Court has stated that factors to be considered in passing on proposed amendments include "fairness to the opposing parties."Connecticut National Bank v. Voog, 233 Conn. 352, 364 (1995); AirKaman,Inc. v. Groppo, 221 Conn. 751, 766 (1992). See also Mezes v. Mead,48 Conn. App. 323, 336 (1998).
The defendant has objected to the request for leave to amend primarily on the ground that the plaintiff seeks additionally to achieve class certification for the proposed new claim. In deciding the plaintiffs' Motion to Amend Issues for Class Certification, this court has ruled that the ruling on class certification cannot be enlarged in the manner requested and that the time to move for class certification on any issue has passed.
The defendant further observes that discovery has long been in progress; however, it concedes that this discovery has included production of documents relating to RBRBS in response to plaintiffs' document requests. The defendants have not disputed the plaintiffs' representation that depositions have included questioning concerning the RBRBS.
Trial is not scheduled to commence until January 13, 2004. The proposed amendment will not, therefore, delay the trial. The court finds that the request for leave to amend the complaint should be granted.
Expense
Practice Book § 10-60(b) provides that the judicial authority may award costs in favor of the other party if the amendment occasions inconvenience to the other party. If, for example, the the plaintiffs seek to depose persons already deposed in order to investigate the issue raised in their new claim, the defendant may move for resulting costs.
Conclusion
The request for leave to amend the complaint in the manner identified is granted. The new claim is a claim asserted only by the named plaintiffs, as the time has passed for filing motions for class certification. The defendant may seek costs pursuant to P.B. § 10-60
(b), as indicated above. CT Page 7305
Beverly J. Hodgson Judge of the Superior Court