## HAROLD STOWE *v.* JOHN M. MCHUGH
### (AC 16366)

Dupont, C. J., and O'Connell and Lavery, Js.

Argued June 5—officially released August 26, 1997

*Robert J. Cooney*, for the appellant (named defendant).

*Lisa M. Ferraro*, for the appellee (plaintiff).

*S. Peter Sachner*, for the appellee (apportionment defendant William Fisher).

*Lois Tanzer*, for the appellee (apportionment defendant Darrell Daniels).

*Trudie R. Hamilton*, with whom, on the brief, was *George M. Moreira*, for the appellees (apportionment defendant Waterbury Hospital et al.).

*Opinion*

LAVERY, J. The defendant, John McHugh, appeals from the summary judgment rendered by the trial court in favor of four defendants that the court allowed to be cited in for the purpose of apportionment in this medical malpractice action. On appeal, McHugh claims that the trial court improperly (1) ruled that expert testimony was required on the issue of the apportionment defendants' proportionate share of liability, (2) determined that the affidavits of his experts were insufficient to support his claims against the apportionment defendants, and (3) ruled that no issue of material fact existed. We affirm the judgment of the trial court.

The following facts and procedural history are necessary for the disposition of this appeal. McHugh, a podiatrist, removed the nail from the right great toe of the plaintiff, Harold Stowe. Subsequent to that procedure,

the plaintiff was admitted to Waterbury Hospital on two occasions for treatment of an infection in his right leg. During his treatment at Waterbury Hospital, the plaintiff's right hip prosthesis was removed because of the infection. While at Waterbury Hospital, the plaintiff was treated by three physicians, Darrell Daniels, William Fisher and George Thornton.

The plaintiff subsequently commenced a medical malpractice action against McHugh. Pursuant to General Statutes §§ 52-102 and 52-572h (c),[1] McHugh moved to cite in Daniels, Fisher, Thornton and Waterbury Hospital for purposes of apportionment, claiming that their alleged negligent treatment of the plaintiff caused his injuries. The trial court granted McHugh's motion to cite in the additional defendants. The plaintiff, however, did not plead over against any of the new defendants.

Each of the newly joined defendants filed motions for summary judgment because McHugh had not disclosed a qualified expert to offer medical evidence concerning their standard of care. In his opposition to the apportionment defendants' motions for summary judgment, McHugh contended that an expert need not be disclosed because the apportionment defendants were

---

[1] General Statutes § 52-102 provides: "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."

General Statutes § 52-572h (c) provides: "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."

parties in name only and no relief was being sought from them apart from apportionment. Additionally, McHugh contended that should expert testimony be required, he and a podiatric expert disclosed by him could offer expert testimony because their training in podiatry included the diagnosis and treatment of infections. After a hearing, the trial court granted each of the apportionment defendants' motions for summary judgment. McHugh now appeals the judgment of the trial court.

I

McHugh first claims that the trial court improperly ruled that expert testimony was required on the issue of the apportionment defendants' share of liability. We disagree.

It is well established that ordinarily "[i]n a medical malpractice action, expert testimony is required to establish the standard of professional care to which the defendant is held . . . ." (Citation omitted.) *Mather* v. *Griffin Hospital*, 207 Conn. 125, 130–31, 540 A.2d 666 (1988). The medical expert must testify to the applicable standard of care and deviation from that standard. *Campbell* v. *Palmer*, 20 Conn. App. 544, 548, 568 A.2d 1064 (1990).

This court recently addressed this issue in *Baxter* v. *Cardiology Associates of New Haven, P.C.*, 46 Conn. App. 377, 699 A.2d 271 (1997). In that case, this court held: "We do not, however, agree with the defendants that the statute requires that the jury automatically consider the issue of apportionment of the hospital's negligence. As with any issue, the trial court must not submit the issue of the settled person's negligence to the jury unless there is evidence to support it. See *Batick* v. *Seymour*, 186 Conn. 632, 641, 443 A.2d 471 (1982). Because this is a medical malpractice case, any evidence of the hospital's negligence would have to come

from qualified medical experts. See *Santopietro* v. *New Haven*, 239 Conn. 207, 226, 682 A.2d 106 (1996).

"The Supreme Court of the state of Washington was confronted with a similar issue in *Adcox* v. *Children's Orthopedic Hospital & Medical Center*, 123 Wash. 2d 15, 25–26, 864 P.2d 921 (1993). The Washington Supreme Court held that "[the Washington apportionment statute] is not self-executing. It does not automatically apply to each case where more than one entity could theoretically be at fault. Either the plaintiff or the defendant must present evidence of another entity's fault to invoke the statute's allocation procedure. *Without a claim that more than one party is at fault, and sufficient evidence to support that claim,* the trial judge cannot submit the issue of allocation to the jury. Indeed, it would be improper for the judge to allow the jury to allocate fault without such evidence. If the plaintiff signals an intention to present evidence of fault solely against one defendant . . . it is incumbent upon the defendant to provide proof that more than one entity was at fault." (Emphasis in original.) *Baxter* v. *Cardiology Associates of New Haven, P.C.*, supra, 46 Conn. App. 381–82.

We, therefore, do not agree with McHugh that expert testimony was not required on the issue of the apportionment defendants' share of liability. Since this is a medical malpractice action, the trial court was correct in not submitting the issue of the four apportionment defendants' negligence to the jury unless there was evidence from qualified medical experts.

II

McHugh next claims that the trial court improperly ruled that the affidavits of McHugh's experts were insufficient to support his claims against the apportionment defendants. Because this is a medical malpractice action, McHugh had to present affidavits from qualified

medical experts to defeat a motion for summary judgment.

In the present case, McHugh offered the affidavits of himself and Harold Harinstein, both podiatrists, in opposition to the apportionment defendants' motions for summary judgment.[2] General Statutes § 52-184c (d) provides: "Any health care provider may testify as an expert in any action if he: (1) Is a 'similar health care provider' pursuant to subsection (b) or (c) of this section; or (2) is not a similar health care provider pursuant to subsection (b) or (c) of this section but, to the satisfaction of the court, possesses sufficient training, experience and knowledge as a result of practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in a given field of medicine. Such training, experience or knowledge shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim."

Here, neither McHugh nor Harinstein, as podiatrists, could provide expert medical evidence concerning the infection in the plaintiff's right leg and hip. General Statutes § 20-50 provides in relevant part: " 'Podiatric medicine' means the diagnosis and treatment, including medical and surgical treatment, of ailments of the foot and the anatomical structures of the foot and the administration and prescription of drugs incidental thereto. It shall include treatment of local manifestations of systemic diseases as they appear on the foot. . . ." A podiatrist, while able to give an expert medical opinion on matters concerning the foot, cannot render expert medical testimony on an infection in a person's hip or leg.

We conclude that neither McHugh nor Harinstein are similar health care providers, as required by § 52-184c

---

[2] McHugh also disclosed Ernest Atlas, an infectious disease specialist, as a possible witness at trial.

(d), to the apportionment defendants who are physicians. Furthermore, the determination of the qualification of an expert is largely a matter for the discretion of the trial court. *Poole* v. *Bell*, 209 Conn. 536, 542, 551 A.2d 1254 (1989). We agree, therefore, with the well reasoned opinion of the trial court, holding: "Connecticut courts have 'approved the grant of a summary judgment in a medical malpractice case when . . . it is evident that the plaintiff will be unable to produce at trial an expert witness to testify regarding the applicable standard of care.' *Bourquin* v. *B. Braun Melsungen*, 40 Conn. App. 302, 314, 670 A.2d 1322, cert. denied, 237 Conn. 909, 675 A.2d 456 (1966). In the present case, it appears that expert testimony has not been offered and will not be offered establishing the applicable standard of care and breach of that standard with respect to Fisher, Daniels, Thornton and Waterbury Hospital."

Furthermore, "[i]n order to prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury. . . . Generally, expert testimony is required to establish both the standard of care to which the defendant is held and the breach of that standard." (Citations omitted; internal quotation marks omitted.) *Williams* v. *Chameides*, 26 Conn. App. 818, 822–23, 603 A.2d 1211 (1992). Pursuant to General Statutes § 52-572h (c), for apportionment purposes, to maintain a negligence action to recover damages the injury must be proximately caused by more than one person.

McHugh, however, in both his argument and supporting affidavits in opposition to the motions for summary judgment failed to establish a causal connection between the apportionment defendants' alleged breach of the standard of care and the claimed injury. McHugh's

and Harinstein's supporting affidavits are silent on the issue of causation. Additionally, Harinstein, in his deposition, stated that he could not "testify to breach of standard of care of an infectious disease, because it's not my expertise." McHugh's other disclosed expert, Ernest Atlas, stated at his deposition that he had no opinion as to breach of the standard of care of any of the apportionment defendants. Further, when Atlas was asked about the applicable standard of care regarding the apportionment defendants, he replied that he "was not really asked to review these records from that viewpoint, so I have no opinion." Moreover, McHugh's medical experts did not offer their opinions as to any of the apportionment defendants' conduct. Thus, McHugh failed to establish that the plaintiff's injuries were proximately caused by the apportionment defendants, as required by § 52-572h (c).

## III

McHugh finally contends that the trial court improperly ruled that no issue of material fact existed and, therefore, should not have granted the apportionment defendants' motions for summary judgment. In the present case, it is evident that McHugh would be unable to produce at trial an expert witness to testify regarding the applicable standard of care. Therefore, the trial court was correct in granting the apportionment defendants' motions for summary judgment. *Bourquin* v. *B. Braun Melsungen*, supra, 40 Conn. App. 314.

The judgment is affirmed.

In this opinion the other judges concurred.