[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT
On December 18, 1995, the plaintiff, Yale Diagnostic Radiology ("Yale"), instituted a small-claims action against the defendant, Joseph Kluczinsky. Subsequently, the action was transferred to Superior Court where the defendant instituted a medical malpractice counterclaim against Yale. In his counterclaim, Kluczinsky, in a pro se capacity, alleged that the treatment that he received from Yale constituted malpractice and left the defendant in a deteriorated physical state. Yale has now filed a motion for summary judgment on the ground that there are no issues of material fact in dispute and that Yale is entitled to summary judgment as a matter of law. Specifically, Yale argues that Kluczinsky has failed to provide any expert medical testimony that would causally link Kluczinsky's physical injuries to the treatment he received from Yale.
"Except in the unusual case in which the want of care or skill is so gross that it presents an almost conclusive inference of want of care . . . the testimony of an expert witness is necessary to establish both the standard of proper professional skill or care on the part of the physician . . . and that the defendant failed to conform to that standard of care." (Citations omitted.) Edwards v. Tardif, 240 Conn. 610, 614, 692 A.2d 1266
(1997). "The plaintiff must establish a causal relationship between the physician's negligent actions or failure to act and the resulting injury by showing that the action or omission constituted a substantial factor in producing the injury." Id. Moreover, "expert opinion must be based upon reasonable CT Page 1992 probabilities rather than mere speculation or conjecture if they are to be admissible in establishing causation." Struckman v.Burns, 205 Conn. 542, 554, 534 A.2d 888 (1987).
The exception to the rule that medical malpractice actions require expert testimony is best illustrated by incidents where foreign objects were left in the plaintiff's body following surgery. See Bourquin v. Melsungen, 40 Conn. App. 302, 315,670 A.2d 1322 (1996). Such negligent conduct is obvious and gross and does not require expert testimony. Here the defendant's counterclaim fails to allege any such egregious conduct on the part of Yale or its physicians. The exception to the rule does not apply in the present case and Kluczinsky would be required to provide expert medical testimony in order to establish his malpractice claim against Yale.
To date, the defendant/counterclaim plaintiff has failed to provide any expert medical testimony that will establish the applicable standard of care, the subsequent breach of that standard and the causation of his injuries resulting from said breach. Kluczinsky's self-titled "answer to the plaintiff's motion for summary judgment" does not provide any such information or medical opinion in support of his case.
Where it is undisputed that the suing party lacks expert testimony in a medical malpractice case, Connecticut courts have held that summary judgment is appropriate. See Stowe v. McHugh,46 Conn. App. 391, 699 A.2d 279 (1997); see also Butler v. ChapelMedical Group, Superior Court, judicial district of New Haven at New Haven, Docket No. 368687 (January 13, 1999, Silbert, J.).
There are no questions of fact as to any expert testimony concerning the defendant's medical malpractice counterclaim. The plaintiff's motion for summary judgment as to the defendant's counterclaim is granted.
GROGINS, J.