[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff, Lynn Gold, acting pro se, seeks damages from the defendant Greenwich Hospital Association (Greenwich Hospital) and William Hunt, M.D., (Hunt) for injuries she allegedly received when attacked by a woman named Raye Cooke (Cooke). The rather spare revised complaint alleges the following facts. On January 18, 1994, Cooke was under the care c the defendants, Greenwich Hospital and Hunt. Cooke was discharged from the emergency room of the hospital, and it is alleged that the defendants knew, or should have known, Cooke was danger to others. It is further alleged that Cooke assaulted Gold on January 19, 1994 causing, inter alia, physical trauma to the head, jaw and right side of her body, cervical sprain and psychological trauma.
Additional facts gleaned from affidavits and sworn deposition testimony appearing in the voluminous papers that now make up the court file show that on the evening of January 18, 1994, Gold accompanied Cooke to the Greenwich Hospital emergency room because Cooke apparently had suffered an allergic reaction to some food or alcoholic beverage at a Mexican restaurant where she and Gold had been dining. Cooke was treated in the emergency room for the allergic reaction and after her release Gold drove Cooke back to Cooke's residence and remained there overnight. Some time early in the morning of January 19, 1994, Cooke awoke, apparently saw Gold writing some notes, and shortly thereafter allegedly attacked Gold and caused her to flee the residence and slip in the driveway. The gravamen of Gold's complaint is that the defendants owed her a duty care including a duty to warn her of danger from Cooke.
This case has had a somewhat tortured procedural history; however, for the purposes of this motion the following is most pertinent. In early 1998, the defendants moved to preclude the plaint: from disclosing any experts because a scheduling order had required Gold to disclose experts I January 1, 1998. That motion was denied, but Gold was ordered to disclose experts by September 1, 1998, which she did. Subsequently, defendants' motion to preclude Gold from disclosing additional experts was granted by the court, Mintz, J.
On July 24, 2000, the defendants moved to preclude the expert testimony CT Page 7190 of Dr. Lavely who was disclosed by Gold as an expert on the standard of care by a hospital emergency room and it personnel. This motion was granted on August 7, 2000, by the court, Robinson, J., which stated "plaintiffs' expert asserts he does not have enough information to form an opinion based on reasonable medical probability."
 The Motion For Summary Judgment
The defendants moved on August 14, 2000, for permission to file a motion for summary judgment. Permission was granted, and the motion appeared on the calendar earlier this year, but was not argued that day because the plaintiff did not appear in court. By agreement of the parties the motion was argued on May 21, 2001.
The defendants' stated premise underlying their motion is that in order to prevail on her cause of action the plaintiff is required to present expert medical testimony as to (1) the standard of can owed to the plaintiff by the defendants, (2) that defendants breached that standard of care, and (3) the breach was the proximate cause of the plaintiffs' injuries. The defendants contend that prior decisions have precluded Gold from presenting any expert testimony of this nature, and that summary judgment dismissing the complaint is appropriate.
In opposition to the motion, Gold contends that the standard of care owed by the medic, provider defendants is set forth in Fraser v. UnitedStates, 236 Conn. 625, 674 A.2d 811 (1996). She further argues that either the defendant, Hunt, or some other expert can provide evidence through deposition testimony or at trial as to the standard. Lastly, she requests a continuance to enable her to provide "reasonably anticipated" proof.
 Standard of Review
Summary judgment may be granted when the pleadings, affidavits and other proof demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In determining a summary judgment motion the court should view the evidence in the light most favorable to the non-moving party, and the moving party has the burden of establishing that there is no genuine issue as to a material fact. Appleton v. Boardof Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). A material fact is a fact which will make a difference in the outcome of the case. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990).
 Discussion
CT Page 7191
While this case does not present the traditional medical malpractice claim since there is no health care provider — patient relationship between the parties, it is a claim of negligence against a health care provider arising out of the provision of health care, and therefore the plaintiff has burden of proving that her injury resulted from a breach of the prevailing standard of care for that provider. See General Statutes § 52-184c (a). Thus, the defendants' exposition of the requirements to establish this case is correct:
 "[T]o prevail . . . the plaintiff must prove (1) the requisite standard of care for treatment, (2) a deviation from that standard of care and (3) a causal connection between the deviation and the claimed injury. Generally, expert testimony is required to establish both the standard of care to which the defendant is held and the breach of the standard." (Internal quotation marks omitted citations omitted)
Amsden v. Fischer, 62 Conn. App. 323, 331, ___ A.2d ___ (2001).
Our Supreme Court has recently stated in clear terms:
 ". . . the testimony of an expert witness is necessary to establish both the standard of professional skill or care on the part of a physician. and that the defendant failed to conform to that standard of care. "(Citations omitted)
Doe v. Yale University, 252 Conn. 641, 681, 748 A.2d 834 (2000)
It is worth noting that as far as the court file reveals, the plaintiff has scant evidence of causation. But the defendants' motion focuses on the lack of evidence regarding the appropriate standard of care owed and any deviation therefrom. The defendants contend that in the course of over seven years since the incident occurred and five years since the commencement of this civil. action the plaintiff has had ample opportunity to identify and disclose expert testimony on the subject of the appropriate standard of care and any deviation from it, but has not.
Gold, on the other hand, contends that the standard of care owed to her by the defendants is set forth in Fraser v. United States, supra236 Conn. 625. In Fraser, the Connecticut Supreme Court, upon certification from the United States Court of Appeals for the Second Circuit, held that on the circumstances in that case, a psychotherapist had no duty to control an outpatient from a medic center in order to CT Page 7192 prevent harm to a third person. Id., 632. The court found that the victim in if case was not an identifiable or foreseeable victim. Id., 637. In reaching its conclusion, however, the Supreme Court did appear to recognize the possibility of a duty owed to a specific identifiable potential victim.
Gold has grasped the reference to that possible duty in this case and contends that it sufficient to establish the standard of care the defendants owed her. However, even if it is concede that Gold might be included among those within a potential zone of harm, since she was accompanying Cooke to and from the emergency room, the fact that the defendants conceivable could owe her a duty of care is a far cry from establishing what the standard of that care is. Establishing the standard of care owed to Gold is the critical issue in determining this motion Whether expert testimony is required compels consideration of the question as to whether the determination of the standard of care entails knowledge beyond the experience of the ordinary lay juror. See Doe v.Yale University, supra, 252 Conn. 686; Santopietro v. New Haven,239 Conn. 207 226, 682 A.2d 106 (1996). Connecticut courts have recognized certain exceptional cases where the lack or want of care is so obvious or blatant that expert testimony might not be required. SeeBarret v. Danbury Hospital, 232 Conn. 242, 252, 654 A.2d 748 (1995). These types of case, however, have been confined to instances of finding foreign objects in the body of a patient after surgery or highly abnormal injuries. See Bourquin v. Melsunger, 40 Conn. App. 302, 670 A.2d 1322
cert. denied, 237 Conn. 909, 675 A.2d 456 (1996).
In this case, neither the appropriate standard of care, nor any deviation therefrom, is so obvious to a lay fact finder as to allow dispensing with the general requirement of expert testimony The operation of a hospital emergency room, the duties of attending and supervisory medic personnel, the appropriate care to be rendered to those who avail themselves of emergency room care, and the advice and/or warnings to be given to those accompanying emergency room admittees, if any, are separately and conjunctively matters which do not ordinarily fall within the ken of lay fact finders. Therefore this information must be established by testimony of those knowledgeable in the subject matter. As a result, the court holds that an essential element of Gold's claim — the prevailing standard of care — must be establishing by expert testimony.
The plaintiff makes additional arguments. First, she asserts that she is entitled to rely on the putative testimony of the defendant, Hunt, to establish the appropriate standard of care. For the proposition she citesConsole v. Nickou, 156 Conn. 268, 240 A.2d 895 (1968). In that case, the defendant surgeon testified at trial that a doctor should not leave a suture needle in the patient's body after surgery, and the Connecticut CT Page 7193 Supreme Court found that the defendant's own testimony was sufficient to establish a standard of care. This case is not analogous because Gold has not proffered any indication of what Hunt might testify to; indeed there is no evidence in the record that Hunt's deposition has been taken. Thus, at the summary judgment stage Gold has not submitted sufficient factual support that either Hunt would testify that he or Greenwich Hospital deviated from the accepted standard of care, or that there is a dispute on any other material fact.
Finally, Gold requests additional time to locate and disclose an expert witness. In her affidavit in opposition to summary judgment, Gold states a "Norman Paradis, M.D. will be available and a report will be available after the deposition of Dr. Hunt." This affidavit does not meet the requisites for a continuance under Practice Book § 17-47. The case was commenced in early 1996 concerning an incident occurring in early 1994. To offer a potential new expert (in derogation of the outstanding order precluding such) only after an unscheduled deposition when the commencement of trial is scant days in the future and provide not a hint of the expert's qualifications, background, area of expertise or potential testimony is not consistent with t) purposes of § 17-47. Therefore, the court exercises its discretion not to order a continuance. See Peerless Insurance Co. v. Gonzalez, 241 Conn. 476, 489,697 A.2d 680 (1997).
In this case there is a failure on the part of Gold to produce any evidence as to the standard of care prevailing or evidence that the standard had been breached. In the absence of such proof, or potential proof, summary judgment is appropriate. See Stowe v. McHugh,46 Conn. App. 391, 699 A.2d 279 (1997); Guzze v. New Britain GeneralHospital, 16 Conn. App. 480, 547 A.2d 944 (1988)
For the reasons stated above the defendants' motion for summary judgment is granted.
ADAMS, J.